PER CURIAM:
Petitioner James Barney Hubbard, a death row inmate in the Alabama prison system, is scheduled to be executed on Thursday, August 5, 2004 at 6:00 p.m. CDT.[1] On July 27, 2004, Petitioner filed with the district court an “Amended Petition for Writ of Habeas Corpus by a Person in State Custody under Sentence of Death,” and a “Motion for Stay of Execution.” The Amended Petition purported to amend Petitioner’s original petition (which the district court denied on February 3, 1998) and asked that the district court issue a writ of habeas corpus barring Petitioner’s execution “due to dementia and advanced age,” 74 and $ years.[2] Petitioner represented to the district court that he has the right to amend his original petition[3] without obtaining leave of this court pursuant to 28 U.S.C. § 2244(b)(3)(A). Petitioner acknowledged our holding in In re Provenzano, 215 F.3d 1233 (11th Cir.2000), which treats as a successive petition a claim that the Eighth Amendment bars the execution of an incompetent person,[4] but said Nelson v. Campbell, — U.S. -, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004) effectively overruled the holding.
On July 28, 2004, the district court, agreeing with Respondent that Nelson is inapposite and, more importantly, that the Amended Petition was due to be dismissed because Petitioner had failed to obtain this court’s leave to file it pursuant to 28 U.S.C. § 2244(b)(3)(A), entered an order dismissing the Amended Petition without prejudice and denying Petitioner’s “Motion for Stay of Execution.” Two days later, the district court denied Petitioner’s application for the issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c) so that he could appeal the court’s order.
*1247 Petitioner now applies to this court for a certifícate of appealability so that he can appeal the district court’s decision dismissing his Amended Petition. (Petitioner does not seek leave of this court to file his Amended Petition as a successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A).) Petitioner also seeks a stay of execution pending our disposition of these proceedings.
Section 2253(c) has no application here because the district court’s decision dismissing the Amended Petition is not “a final order in a habeas corpus proceeding” within the meaning of the statute. Rather, the decision is a final order dismissing the Amended Petition for lack of subject matter jurisdiction. We have jurisdiction to review the order pursuant to 28 U.S.C. § 1291.
We agree with the district court that it lacked subject matter jurisdiction to entertain the Amended Petition, and that the court was obliged to dismiss it for that reason. Therefore, without issuing a certificate of appealability (because a certificate is unnecessary to permit us to review the district court’s order of dismissal), we affirm the court’s order denying the Amended Petition for lack of jurisdiction and deny Petitioner’s application for a stay of execution.
SO ORDERED.

.Petitioner was sentenced to death after a jury convicted him of first degree murder at a trial held in the Tuscaloosa County, Alabama Circuit Court in April 1982. In October 1994, after exhausting his state remedies, Petitioner turned to the district court for relief, filing a petition for a writ of habeas corpus. The district court denied the writ, and we affirmed. Hubbard v. Haley, 317 F.3d 1245 (11th Cir.2003), cert. denied sub nom. Hubbard v. Campbell, - U.S. -, 124 S.Ct. 390, 157 L.Ed.2d 283 (2003). On October 20, 2003, the State of Alabama moved the Alabama Supreme Court to set Petitioner’s execution date. While the State's motion was pending, Petitioner moved the supreme court to order the Alabama Department of Corrections to give him access to his medical records (i.e., those in the Department’s possession), and the court granted his motion. After that, Petitioner was evaluated by Dr. John Goff, a psychologist.
On April 29, 2004, Petitioner moved the supreme court for an evidentiary hearing on his claim that he is mentally retarded. The supreme court denied his motion on June 21, 2004. The same day, the court set Petitioner's execution date for August 5, 2004, at the time indicated in the above text.

. The quoted language is taken from the district court's order of July 28, 2004 (the order now before us), dismissing Petitioner’s "Amended Petition” without prejudice.

. Petitioner's original petition contained 17 claims for relief. Hubbard, 317 F.3d at 1251. The district court, in a 154 page memorandum opinion, rejected the claims as either meritless or procedurally barred. Id. On appeal, we considered, and rejected, the five claims the district court cited in its certificate of appealability. Id. at 1261. Two claims challenged evidentiary rulings made by the . trial judge; three claims alleged that Petitioner received ineffective assistance of counsel at the pretrial, trial, and sentencing phases of his trial. Id. at 1251.

. This has been referred to as a Ford claim. See Ford v. Wainwright, 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986). The claim the district court labeled a “dementia” claim is, according to Petitioner, a Ford claim.