[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 18, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-12609
Non-Argument Calendar

_____

D. C. Docket Nos. 98-08740-CV-KLR
95-06031-CR-DKT

CLINTON BURNS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 18, 2005)**

Before HULL, WILSON and FAY, Circuit Judges.

PER CURIAM:

Clinton Burns, a federal prisoner proceeding pro se, appeals the district court's denial of his Fed.R.Civ.P. 15(c) motion to relate claims back to his previously filed 28 U.S.C. § 2255 motion to vacate his sentence. He argues that his amended claims arose out of the same set of facts set forth in his original pleadings as required by Davenport v. United States, 217 F.3d 1341 (11th Cir. 2000). For the reasons set forth more fully below, we affirm.

On October 13, 1999, Burns, a federal prisoner serving a life sentence for conspiracy to possess with intent to distribute cocaine base and two counts of possession with intent to distribute cocaine base, filed a motion to vacate, correct, or set aside his federal sentence pursuant to 28 U.S.C. § 2255. Burns's conviction and sentence were affirmed.[1] In that original § 2255 application, Burns raised three grounds for relief: (1) his prior felony convictions did not qualify as predicate offenses for the purposes of enhancing his sentence; (2) the government failed to prove that cocaine base was "crack" as defined in the Sentencing Guidelines; and (3) the government did not independently verify information provided by a key witness. Burns asserted that these claims had not previously been made due to

_____

[1] According to a magistrate's report and recommendation, the arguments made on direct appeal were that: (1) there was insufficient evidence to support the convictions; (2) there was insufficient evidence to prove the substance involved was crack cocaine; and (3) a hearing should have been conducted on the constitutionality of certain prior state convictions used to enhance his sentence.

ineffective assistance of counsel.

A magistrate found that these claims had been raised on direct appeal, and, therefore, recommended that the motion be denied. The district court adopted the magistrate's recommendation, and the motion was denied. Burns later filed for a certificate of appealability (COA), which the district court also denied, finding that Burns previously had raised all of his claims. (R1-26). On June 19, 2000, this Court denied Burns a COA.

Nearly four years later, on March 11, 2004, Burns filed the instant "motion to relate back," pursuant to Fed.R.Civ.P. 15(c), to amend his previously filed § 2255 motion to vacate. He argued as "amended claims" that (1) the government's 21 U.S.C. § 851 notice of enhancement on the basis of prior convictions was defective for failing to include a prior conviction used to enhance his sentence, incorrectly characterizing a prior conviction as a felony drug offense, and enhancing his sentence on the basis of a crime of which he was actually innocent; (2) the government failed to independently verify information provided by a key witness regarding Burns's whereabouts during the drug transactions that led to his present convictions and sentence; and (3) appellate counsel was ineffective for failing to challenge the predicate convictions used to enhance Burns's sentence. He argued that these amended claims arose from the "same

3

conduct and occurrence" as the earlier claims, that is, ineffective assistance of counsel.

Without a response from the government, the district court denied Burns's motion, finding that this Court already had ruled on direct appeal that Burns's arguments regarding the constitutionality of his sentencing enhancements and the reliability of the government's key witness were meritless. As to Burns's remaining claims, the district court reached the merits and found that this Court had ruled that the use of predicate offenses as a basis of enhancement was constitutional, and, therefore, Burns's ineffective assistance claim was meritless because he was not prejudiced by counsel's failure to raise the issue on appeal. Burns was then granted an extension of time in which to file for a COA. Burns then filed an extensive memorandum of law in support of his motion for a COA and "notice of appeal." The district court denied Burns's motion for a COA. Subsequently, this Court, on August 13, 2004, denied Burns's motion for a COA as unnecessary, citing Hubbard v. Campbell, 379 F.3d 1245, 1246-47 (11th Cir. 2004) (denying a motion for a COA where the final order before the court was an order dismissing a petitioner's "Amended Petition," purporting to relate back to his original habeas petition, for lack of subject matter jurisdiction).

On appeal, Burns argues that the district court erred by denying his motion

because his amended claims arose out of the "same set of facts" set forth in his original pleading as required by Davenport v. United States, 217 F.3d 1341 (11th Cir. 2000), and, therefore, should have been deemed to relate back to his original pleading under Fed.R.Civ.P. 15(c). He then argues that each of his amended claims relate back to and arise out of the same facts as one or more claims in his original § 2255 application.

Ordinarily, this Court reviews "a district court's findings of fact in a 28 U.S.C. § 2255 proceeding for clear error, and its legal conclusions de novo." Garcia v. United States, 278 F.3d 1210, 1212 (11th Cir. 2002). In this case, a COA was determined to be unnecessary, as the final order for review is the district court's denial of Burns's motion to relate back and amend his original § 2255 claims. See Hubbard, 379 F.3d at 1247.

Pursuant to Fed.R.Civ.P. 15(c), "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2). "'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed." Davenport, 217 F.3d at 1344. In a § 2255 motion, "the untimely claim must have more in

5

common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." Id. "Instead . . . the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in "both time and type." Id.

In the instant case, we conclude that it is unnecessary to determine whether or not Burns's claims relate back to his original § 2255 motion because the district court, while it did not address the issue, lacked jurisdiction over Burns's claims. We will examine a district court's jurisdiction over an action even when the district court does not address those jurisdictional issues. See, e.g., United States v. Alabama, 791 F.2d 1450, 1454 (11th Cir. 1986); Edge v. Sumter County Sch. Dist., 775 F.2d 1509, 1513 (11th Cir. 1985). Questions of subject matter jurisdiction are reviewed de novo. See Milan Express, Inc. v. Averitt Express, Inc., 208 F.3d 975, 978 (11th Cir. 2000).

Burns's original motion, filed in October 1999, was denied by the district court, and subsequently denied by this Court, rendering his case closed and not properly subject to amendment. Cf. Jones, 304 F.3d at 1043 n.16 (noting, in the context of a prisoner seeking to join an untimely filed § 2255 motion to a timely filed § 2255 motion, that because the petitioner's other § 2255 motion had been answered, decided by the district court, and by this Court, Rule 15(a) prevented it

from being considered as an amendment to his first § 2255 motion); compare

Davenport, 217 F.3d at 1343 (noting that the petitioner filed his amended claims

while the original § 2255 motion was still pending before the magistrate).

Moreover, because Burns previously had filed a § 2255, and seeks in his

amended claims the same relief he sought in his original motion, his claims are

nothing more than a successive § 2255 motion for which he was required to obtain

this Court's leave to file pursuant to 28 U.S.C. § 2255.  28 U.S.C. § 2255 ¶ 8.  He

failed to do so, and, thus, pursuant to the Antiterrorism and Effective Death Penalty

Act of 1996, Pub. L. No. 104-32, 110 Stat. 1214 (1996), we conclude that the

district court lacked jurisdiction to entertain Burns's claims.  See, e.g., Fugate v.

Dep't of Corrs., 301 F.3d 1287, 1288 (11th Cir. 2002) (affirming after holding that

a 42 U.S.C. § 1983 claim of cruel and unusual punishment to seek relief from a

death sentence is the functional equivalent of a second or successive habeas

petition, and the district court lacked jurisdiction to consider the claim because the

petitioner had not sought permission from this Court to file it); Wofford v. Scott,

177 F.3d 1236, 1245 (11th Cir. 1999) (holding that a prisoner cannot use the

savings clause of 28 U.S.C. § 2241 to escape the restrictions on successive § 2255

motions and the failure to raise an available claim earlier).

We, therefore, AFFIRM the district court's decision on the ground that the

7

district court lacked subject matter jurisdiction to entertain Burns's motion.

**SO ORDERED.**