[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 23, 2010
JOHN LEY
CLERK

No. 09-12345
Non-Argument Calendar

_____

D. C. Docket Nos. 09-80569-CV-WPD,
98-08095-CR-WPD

TIMOTHY WALKER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 23, 2010)

Before CARNES, BARKETT  and KRAVITCH, Circuit Judges.

PER CURIAM:

Timothy Walker, a *pro se* federal prisoner, appeals the district court's

dismissal of his motion for default judgment seeking to vacate his criminal sentence. On appeal, the government responds that the district court did not err in dismissing the motion for lack of jurisdiction because Walker's motion was an unauthorized successive 28 U.S.C. § 2255 motion.

We review questions concerning jurisdiction *de novo*. *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). A federal prisoner may file a 28 U.S.C. § 2255 motion "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

To determine whether a prisoner's *pro se* motion is a second or successive § 2255 motion, we examine the content of the filing and the relief sought. *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (holding that a *pro se* prisoner's writ of *audita querela* was actually a § 2255 motion). Despite what a

2

prisoner may entitle his motion, a motion that collaterally attacks a prisoner's sentence as being unconstitutional is a motion to vacate under § 2255. *Id.*

Pursuant to 28 U.S.C. § 2253, a movant must obtain a certificate of appealability ("COA") to appeal a final order in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1)(B). In *Hubbard v. Campbell*, 379 F.3d 1245 (11th Cir. 2004), we held that if the district court's order is not a final order within the meaning of 28 U.S.C. § 2253, a COA is not required. *Id.* at 1247. In *Hubbard*, a petitioner filed an "amended petition" to amend his original habeas petition. *Id.* at 1246. The district court construed the amended petition as a successive petition and dismissed it for failure to obtain authorization from us. *Id.* The petitioner appealed to us for a COA so that he could appeal the district court's dismissal of his amended petition, but did not seek leave to file his amended petition as a successive petition under 28 U.S.C. § 2244(b)(3)(A). *Id.* at 1247. We held that the district court's dismissal of the amended petition was not a final order under the meaning of § 2253 because the decision was a final order dismissing the amended petition for lack of subject matter jurisdiction. *Id.* We concluded that we had jurisdiction to review the order pursuant to 28 U.S.C. § 1291.

Having jurisdiction to review the district court's dismissal of Walker's motion for default judgment pursuant to 28 U.S.C. § 1291, we affirm because,

although the district court did not construe Walker's motion as an unauthorized successive motion to vacate and Walker did not seek to treat his motion as such, the district court lacked jurisdiction because Walker's motion was an unauthorized collateral attack on his sentence.

**AFFIRMED.**