[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14453
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 21, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:09-cv-62008-WPD

TIMOTHY G. HENDERSON,

Petitioner-Appellant,

versus

SECRETARY,
Florida Department of Corrections,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 21, 2011)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Timothy Henderson, a Florida state prisoner proceeding *pro se*, appeals the district court's dismissal of his "amended petition" for relief under 28 U.S.C. § 2254, which he submitted almost four months after the district court denied his original § 2254 petition. The district court concluded, among other things, that Henderson's amended petition was impermissibly successive. Henderson argues on appeal the merits of the seven claims he raised in his amended § 2254 petition.

We review the district court's denial of a petition for a writ of habeas corpus *de novo*, while the district court's factual findings are reviewed only for clear error. *Digsby v. McNeil*, 627 F.3d 823, 830 (2010), *cert. denied*, 131 S.Ct 2936 (2011). We review *de novo* a district court's dismissal of a habeas petition for lack of jurisdiction. *See Taylor v. United States*, 396 F.3d 1322, 1327 (11th Cir. 2005) (reviewing *de novo* dismissal of alien's habeas petition for lack of jurisdiction). We have jurisdiction to review a district court's dismissal for lack of jurisdiction. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004).

An application for writ of habeas may be amended or supplemented as provided in the rules of procedure applicable to civil actions. 28 U.S.C. § 2242. Federal Rule of Civil Procedure 15 provides for circumstances in which a pleading may be amended or supplemented. Rule 15(b) addresses amendments during and after trial, and, therefore, does not apply here since there was no trial. *See*

2

Fed.R.Civ.P. 15(b). Rule 15(a) governs amendments of pleadings before judgment is entered. *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). Rule 15(a) does not apply after the district court dismisses the petition and enters the final judgment. *Id.* A new petition cannot be considered an amendment to an earlier petition if the earlier petition has been denied and the case closed. *See Jones v. United States*, 304 F.3d 1035, 1043 n.16 (11th Cir. 2002). The district court denied Henderson's original petition and closed the case. Thus, Henderson's amended petition cannot be considered an amendment to the original petition under Rule 15.

"Post-judgment, the [petitioner] may seek leave to amend if he is granted relief under [Federal Rule of Civil Procedure] 59(e) or Rule 60(b)(6)." *Jacobs*, 626 F.3d at 1344-45. Motions to alter or amend a judgment under Rule 59(e) are granted only if there is newly discovered evidence or manifest errors of law or fact. *Id.* at 1344. A Rule 59(e) motion cannot be used to raise arguments or present evidence that could have been raised before judgment was entered. *Id.* Federal Rule of Civil Procedure 60(b) provides grounds for relief from a final judgment, order, or proceeding. A Rule 60(b) motion from the denial of a § 2254 petition that seeks to add a new ground for relief is considered a successive habeas

petition and treated accordingly. *Gonzalez v. Crosby*, 545 U.S. 524, 530-32, 125 S.Ct. 2641, 2647-48, 162 L.Ed.2d 480 (2005).

In his amended petition, Henderson sought new grounds for relief. Nothing in the records suggests, and Henderson does not argue, that the new claims in his amended petition could not have been raised in his original petition. Therefore, he is not due relief under Rule 59(e). *See Jacobs*, 626 F.3d at 1344. Additionally, because Henderson sought new ground for relief in his amended petition, the district court properly concluded that the amended petition was a successive habeas petition. *See Gonzalez*, 545 U.S. at 530-32, 125 S.Ct. at 2647-48.

Under 28 U.S.C. § 2244(b), a state prisoner who wishes to file a "second or successive habeas corpus application" is required to move the court of appeals for an order authorizing the district court to consider such an application. 28 U.S.C. § 2244(b)(3)(A). If a petitioner has not obtained an order authorizing the district court to consider a second or successive § 2254 petition, the district court must dismiss the petition for lack of jurisdiction. *Tompkins v. Sec'y, Dep't of Corr.*, 557 F.3d 1257, 1259 (11th Cir. 2009).

Since Henderson's amended petition was properly construed as a successive petition and Henderson had not obtained an order authorizing the court to consider a second § 2254 petition, the district court did not have jurisdiction to consider the petition. Therefore, the district court did not err in dismissing the amended

4

petition. *See Hubbard*, 379 F.3d at 1246-47 (affirming the district court's decision to dismiss an amended habeas petition, filed several years after the original petition had been denied, because the petitioner failed to obtain leave to file a second or successive petition, and consequently, the court did not have subject matter jurisdiction). Furthermore, because the district court did not have jurisdiction to hear the merits of the seven claims Henderson raised in his amended petition, we need not address the merits of the claims he raised in his appeal brief. Accordingly, we affirm.

**AFFIRMED.**