PER CURIAM:
On December 28, 2015, prior to his execution for the murder of Teri Lynn Mat *729 thews, which is scheduled to take place on January 7, 2016, Oscar Ray Bolin, Jr., filed a second or successive petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Middle District of Florida. In conjunction with that petition, Bolin moved for a stay of execution. On December 30, 2015, the District Court dismissed Bolin’s petition for lack of jurisdiction because Bolin failed to show that he was entitled to file a second or successive habeas petition under 28 U.S.C. § 2244.[1] Accordingly, the court denied his request for a stay as well.[2]
Because the District Court was correct to dismiss Bolin’s successive habeas petition for lack of subject-matter jurisdiction and because our precedent establishes that such a dismissal does not constitute a “final order in a habeas corpus proceeding” for purposes of 28 U.S.C. § 2253(c), we affirm that dismissal as a “final decision” pursuant to 28 U.S.C. § 1291.
The District Court correctly held that Bolin lacked jurisdiction to bring a second or successive petition because he failed to first obtain authorization to do so from this Court as required by 28 U.S.C. § 2244(b)(3)(A).[3] For the reasons given in our order denying Bolin’s application for leave to file a second or successive habeas petition, see In re: Oscar Ray Bolin, Jr., No. 15-15710-P, at 6-13 (11th Cir. Jan. 4, *730 2016), Bolin is unable to show either that he is entitled to bring a successive habeas petition in line with the requirements of 28 U.S.C. § 2244 or that the claims he seeks to bring “f[a]ll within [the] small subset of unavailable claims that could not reasonably be categorized as ‘successive.’ ” Stewmart v. United States, 646 F.3d 856, 861 (11th Cir.2011) (quoting Leal Garcia v. Quarterman, 573 F.3d 214, 222, 224 (5th Cir.2009)). Therefore, the District Court properly held that it was barred from hearing Bolin’s latest battery of claims.
Before concluding, we pause briefly to note why a COA need not issue before we can affirm a district court’s dismissal of a second or successive habeas petition for lack of subject-matter jurisdiction. As we have previously held, a dismissal of a successive habeas petition for lack of subject-matter jurisdiction does not constitute a “final order in a habeas corpus proceeding” for purposes of 28 U.S.C. § 2253(c). Hubbard v. Campbell, 379 F.3d 1245, 1247 (11th Cir.2004). If it did, due to the limits Congress imposed on our jurisdiction, either a COA would first have to issue or our review would be precluded. Instead, such a dismissal is a “final decision” pursuant to 28 U.S.C. § 1291 and a COA is thus “unnecessary to permit us to review the district court’s order of dismissal.” See id.
With that in mind, we AFFIRM the District Court’s dismissal of Bolin’s successive habeas petition for lack of subject-matter jurisdiction.
AFFIRMED.

. Bolin has also filed an application seeking from this Court authorization for the district court to consider a second or successive petition for a writ of habeas corpus. We have denied that application in a separate order. See In re: Oscar Ray Bolin, Jr., No. 15 — 15710— P (11th Cir. Jan. 4, 2016).

. The court did, however, grant a certificate of appealability (COA) that reads, in full: "Bolin is granted a [COA] on the issue of the district court’s jurisdiction.” Oscar Ray Bolin, Jr. v. Secy, Dep’t of Corr., Case No. 8:15— cv-2943-T-27MAP, at 5-6 (M.D.Fla. Dec. 30, 2015) (emphasis added). That COA was granted in error on a broad jurisdictional question rather than a specific constitutional denial as required by 28 U.S.C. § 2253(c). As we made clear in Spencer v. United States, federal courts “cannot ignore the clear command” that "Congress articulated in subsections 2253(c)(2) and (3).” 773 F.3d 1132, 1137 (11th Cir.2014) (en banc). Those provisions provide that a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right” and "shall indicate which specific issue or issues satisfy [that] showing.” 28 U.S.C. §§ 2253(c)(2), (3). Though we ultimately exercised our discretion to rule on the merits in Spencer despite a faulty COA because of the "late hour” at which the issue was raised and the substantial judicial resources already expended, we also noted that "[w]e will not be so lenient in future appeals when a certificate fails to conform to the gatekeeping requirements imposed by Congress.” Spencer, 773 F.3d at 1137-38; see also Damren v. Florida, 776 F.3d 816, 820-21 (11th Cir.2015) (reiterating that “we are reluctant to disregard the gatekeeping requirements Congress has set up” but choosing to reach the merits because of the litigation’s "lengthy procedural journey,” which lasted more than a decade and involved a previous appeal before this Court). We ended our discussion of the correct process for issuing a COA by warning that a "failure to specify” the underlying constitutional issue, whether committed by this Court or a district court, "will result in the vacatur of the certificate.” Spencer, 773 F.3d at 1138.
Here, the District Court failed to identify with any meaningful degree of specificity a potential constitutional denial. Rather, the COA encompasses only a jurisdictional question — and an extraordinarily capacious one at that. Given that the entirety of this round of Bolin’s habeas litigation has lasted only a handful of days, we see no reason not to make good on our warning in Spencer. Were we not affirming the District Court's dismissal of Bolin’s successive petition for lack of subject-matter jurisdiction, we would vacate the COA as improvidently granted.

.Section 2244(b)(3)(A) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.”