ED CARNES, Chief Judge,
concurring.
I agree with the Court that we are bound by precedent to hold that a certificate of appealability is not required before a petitioner can appeal a district court’s dismissal under 28 U.S.C. § 2244(b)(2) & (3)(A) of a habeas petition for lack of subject matter jurisdiction. See Hubbard v. Campbell, 379 F.3d 1245 (11th Cir.2004). ' That is unfortunate because Hubbard wrongly decided that issue.
A habeas petitioner is required to obtain a COA to appeal “the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court.” 28 U.S.C. § 2253(c)(1)(A) (emphasis added). Where a district court dismisses a habeas petition for lack of jurisdiction, “the petitioner has no further recourse in the district court, and, as such, the dismissal is a final order by that court.” United States v. Harper, 545 F.3d 1230, 1233 (10th Cir.2008). And the order is obviously “in a habeas corpus proceeding.” See Jones v. Braxton, 392 F.3d 683, 688 (4th Cir.2004). That, being so, § 2253(c)(1)(A) expressly prohibits a petitioner whose petition was dismissed for lack of jurisdiction from appealing that dismissal without a COA. All the circuits to address the issue have reached that conclusion. See Harper, 545 F.3d at 1233; Resendiz v. Quarterman, 454 F.3d 456, 458 (5th Cir.2006); Sveum v. Smith, 403 F.3d 447, 448 (7th Cir.2005); Jones, 392 F.3d at 688-89. Except us.
Without the benefit of the later decisions from those four other circuits, the Hubbard opinion’s entire discussion of the COA issue consists of just three sentences:
Section 2253(c) has no application here because the district court’s decision dismissing the Amended Petition is not “a final order in a habeas corpus proceeding” within the meaning of the statute. Rather, the decision is a final order dismissing the Amended Petition for lack of subject matter jurisdiction. We have jurisdiction to review the order pursuant to 28 U.S.C. § 1291.
379 F.3d at 1247. Each of those three sentences is purely conclusory. None of them explains why a jurisdictional dismiss *731 al, which is “a final order dismissing [a petition] for lack of subject matter jurisdiction,” is not “a final order in a habeas corpus proceeding.” An order dismissing a habeas proceeding for lack of jurisdiction is as much a final order as one dismissing a habeas proceeding for lack of merit. Both finally dispose of the proceeding. The Hubbard opinion does not explain why an order dismissing a habeas petition for lack of jurisdiction is a “final decision” under § 1291, but not a “final order in a habeas corpus proceeding” for purposes of § 2253(c)(1)(A).
In Gonzalez v. Sec’y for the Dep’t of Corr., 366 F.3d 1253, 1263 (11th Cir.2004) (en banc), we held that “a certificate of appealability is required for the appeal of any denial of a [Federal Rule of Civil Procedure] 60(b) motion for relief from a judgment in a [28 U.S.C.] § 2254 ... proceeding.” We reiterated that holding in Jackson v. Crosby, 437 F.3d 1290, 1294-95 (11th Cir.2006). Given our en banc holding in Gonzalez, what' Hubbard means is that if a petitioner labels his successive pleading a Rule 60(b) motion he must obtain a COA to appeal the dismissal of it on jurisdictional grounds, Gonzalez, 366 F.3d at 1263, but if he labels it a § 2254 petition he can appeal the dismissal of it on jurisdictional grounds without a COA, Hubbard, 379 F.3d at 1247. That illustrates Hubbard’s error.
If we were free of the Hubbard decision, I would hold that the dismissal of a habeas petition for lack of subject matter jurisdiction is a “final order in a habeas corpus proceeding” that requires a COA under § 2253(c)(1)(A). Given that we must follow Hubbard until it is overturned, I join the Court in addressing the “merits” of the district court’s decision that under § 2244(b)(2) & (3)(A) Bolin’s petition was due to be dismissed for lack of jurisdiction, and I agree that decision should be affirmed.