[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13695
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cv-14194-RLR

EDWARD EUGENE KING,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 28, 2016)

Before TJOFLAT, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Edward Eugene King, proceeding *pro se*, appeals from the dismissal of his 28 U.S.C. § 2254 habeas corpus petition as an unauthorized second or successive collateral attack.  After review,[1] we affirm the district court's dismissal.

A state prisoner who wishes to file a second or successive habeas corpus petition must move the appropriate court of appeals for an order authorizing the district court to consider such a petition.  *See* 28 U.S.C. § 2244(b)(3)(A).  We may grant such authorization only if the proposed petition contains claims premised on either (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) a "factual predicate" that "could not have been discovered previously through the exercise of due diligence" and that, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."  *Id.* § 2244(b)(2)(A), (B).  Absent such an order, the district court is obligated to dismiss a successive petition, as the district court lacks subject matter jurisdiction to entertain the motion.  *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004).

The district court did not err by denying King's § 2254 petition as impermissibly successive.  *See* 28 U.S.C. § 2244(b) (providing, subject to two

---

[1] Whether a petition for a writ of habeas corpus is second or successive is a question we consider *de novo*.  *Stewart v. United States*, 646 F.3d 856, 858 (11th Cir. 2011).

exceptions, that "[a] claim presented in a second or successive habeas corpus application under section 2254 . . . shall be dismissed").  Both King's initial § 2254 petition and his current § 2254 petition challenged the September 30, 2003, judgment pertaining to his Florida convictions for first-degree murder, aggravated assault, and armed burglary of a dwelling.  *See Insignares v. Sec'y, Florida Dep't of Corr.*, 755 F.3d 1273, 1279 (11th Cir. 2014) (stating the phrase "second or successive" applies to habeas petitions, not to the claims they raise).  Though King purports to raise new claims, the bar to successive applications is not claim-specific.  *See id.*  Lastly, though § 2244 provides an exception for claims that rely on newly discovered evidence, such claims may be brought only after this Court has granted authorization to do so.  28 U.S.C. § 2244(b)(2)(B)(i), (b)(3)(A).  Because King failed to obtain authorization from this Court to pursue his claims, the district court did not err by dismissing them for want of jurisdiction.  *See Hubbard*, 379 F.3d at 1247.

    **AFFIRMED.**