[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-13437
Non-Argument Calendar

_____

D.C. Docket No. 0:16-cv-60870-CMA

TIMOTHY HARTMAN,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 23, 2017)

Before JORDAN, ROSENBAUM and FAY, Circuit Judges.

PER CURIAM:

Timothy Hartman, pro se, appeals the dismissal for lack of jurisdiction of his 28 U.S.C. § 2254 petition.  We affirm.

## I. BACKGROUND

### A. Initial § 2254 Petition

On January 29, 2014, Hartman filed his initial 28 U.S.C. § 2254 petition challenging his 2005 Florida convictions for armed robbery, attempted robbery with a weapon, battery, and false imprisonment.  His petition raised 19 claims alleging trial-court error and ineffective assistance of trial and appellate counsel. None of Hartman's ineffective-assistance-of-counsel claims were based on an alleged conflict of interest, nor did he assert a manifest-injustice claim.  A magistrate judge ordered Hartman to file an amended § 2254 petition, because his initial petition did not comply with the local rules regarding page length.  Hartman filed an amended petition within the page limit, which eliminated some of the claims from his initial petition.

The magistrate judge issued a report and recommendation ("R&R") recommending a denial of Hartman's § 2254 petition.  The magistrate judge noted Hartman filed a habeas petition in state court on January 23, 2014, and argued a manifest injustice occurred when trial counsel, who represented both Hartman and his codefendant, arranged for Hartman's codefendant to testify against him.  The district judge denied Hartman's claims on the merits.  Hartman sought to appeal

2

the judge's denial of his petition; this court denied a certificate of appealability ("COA") on January 7, 2016.  Order, *Hartman v. Florida*, No. 15-13128 (11th Cir. Jan. 7, 2016).  He filed a motion for reconsideration from the denial of the COA and argued the district judge failed to address all the claims he had raised in his initial § 2254 petition, because he had been required to eliminate claims to meet the page limit.  We denied his motion for reconsideration.

**B. Second § 2254 Petition**

In April 2016, Hartman filed a second § 2254 petition and again sought to challenge his 2005 Florida Convictions.  In his petition, he asserted manifest injustice, because his trial attorney, whom he stated represented both him and his codefendant, had conspired with the prosecutor to arrange for his codefendant to testify against him.  He contended his counsel was ineffective and this collusion prejudiced him, because the government had no additional evidence connecting him to the crime.

Without requiring a response from the government, a magistrate judge issued an R&R recommending the dismissal of Hartman's petition.  The magistrate judge noted Hartman previously had filed a § 2254 petition challenging the same convictions and that petition had been denied on the merits.  He further observed Hartman filed a new habeas petition in state court while his initial federal § 2254 proceedings were ongoing, but he had not sought to stay or dismiss his initial §

3

2254 petition.  The magistrate judge determined Hartman was required to seek authorization from this court before he could file a second § 2254 petition and recommended the district judge dismiss the petition for lack of jurisdiction.

Hartman objected to the R&R and asserted his claim was not procedurally barred.  On May 18, 2016, the district judge overruled Hartman's objections, adopted the R&R, and dismissed Hartman's § 2254 petition for lack of jurisdiction, because he had failed to obtain authorization from this court to file a second § 2254 petition.  The judge noted Hartman had addressed manifest injustice in his objections to the R&R but had failed to present any argument to suggest he could proceed without authorization from this court.

Two days after the district judge dismissed his petition, Hartman filed an application for leave to file a second or successive § 2254 petition in this court and sought to raise the manifest-injustice claim based on his trial counsel's alleged collusion with the prosecutor.  Before this court ruled on his application, on June 10, 2016, Hartman filed a notice of appeal from the dismissal of his second § 2254 petition.  On June 17, 2016, this court denied Hartman's application for leave to file a second or successive § 2254 petition.[1]  Order, *In re Hartman*, No. 16-12723 (11th Cir. June 17, 2016).

---

[1] We concluded Hartman had failed to show his claim previously could not have been discovered through due diligence or, but for the alleged conspiracy, no reasonable factfinder would have found him guilty on the underlying crimes.

On appeal, Hartman argues his trial counsel colluded with the prosecution. He contends this was a manifest injustice, and his claim should not be procedurally barred. He also requests leave to file a second or successive § 2254 petition.

## II. DISCUSSION

We review de novo whether a petition for a writ of habeas corpus is second or successive. *Stewart v. United States*, 646 F.3d 856, 858 (11th Cir. 2011). A state prisoner who wants to file a second or successive habeas corpus petition must move "the appropriate court of appeals" for an order authorizing the district judge to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Absent an order, the district judge lacks jurisdiction to entertain the petition and must dismiss it. *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004).

Both of Hartman's § 2254 petitions challenge his 2005 Florida convictions for armed robbery, attempted robbery with a weapon, battery, and false imprisonment. Hartman failed to obtain authorization from this court before filing his second petition in the district court. Consequently, the district judge lacked jurisdiction to hear the claims and was required to dismiss his petition. *See id.* While Hartman asserts he still may raise this claim, because he sought to raise it as an amendment to his initial § 2254 petition, the district-court docket does not include an entry for a motion to amend his petition, and Hartman previously did not argue the judge failed to address a motion to amend.

5

Hartman also requests leave to file a second or successive § 2254 petition. He, however, previously had filed an application for leave to file a second or successive § 2254 petition in May 2016 and raised counsel's alleged conflict of interest and conspiracy with the prosecutor.  We denied Hartman's application, because he failed to meet the requirements of § 2244(b)(2).  Order, *In re Hartman*, No. 16-12723.  Therefore, his request for leave is moot.

**AFFIRMED.**