[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12784
Non-Argument Calendar
_____

D.C. Docket No. 9:15-cv-80570-KAM

JOSEPH M. ANTHONY,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 7, 2017)

Before HULL, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Joseph Anthony, a Florida state prisoner proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2254 federal habeas corpus petition as an unauthorized second or successive collateral attack.  Anthony asserts the district court failed to liberally construe his instant § 2254 petition and entertain it under any proceeding it deemed proper.  He also contends the state sentencing court improperly failed to consider a presentence investigation report in sentencing him.

"We review *de novo* whether a petition for a writ of habeas corpus is second or successive." *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1324 (11th Cir. 2017) (*en banc*).  We have held a district court's order dismissing a habeas petition for lack of jurisdiction as second or successive is not "a final order in a habeas corpus proceeding," such that no certificate of appealability is required to appeal.  *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004); 28 U.S.C. § 2253(c)(1)(A).

With respect to jurisdiction, 28 U.S.C. § 2244(b) requires a state prisoner who wishes to file a "second or successive habeas corpus application" to move the court of appeals for an order authorizing the district court to consider such an application.  28 U.S.C. § 2244(b)(3)(A).  If a petitioner has not obtained an order authorizing the district court to consider a second or successive § 2254 petition, the district court must dismiss the petition for lack of jurisdiction.  *Tompkins v. Sec'y, Dep't of Corr.*, 557 F.3d 1257, 1259 (11th Cir. 2009).

2

The district court did not err in dismissing Anthony's instant § 2254 petition based on its determination that the petition was successive.  Anthony filed an original § 2254 petition in 2007, which was denied, and the Supreme Court denied a petition for writ of *certiorari* in 2009.  Thus, Anthony's instant § 2254 petition, in which he sought to attack the same judgment as the one challenged in his 2007 § 2254 petition, was successive, but he did not obtain this Court's authorization to file a successive petition.  Thus, the district court was required to dismiss Anthony's petition for lack of jurisdiction, and liberally construing the petition would not have affected the court's obligation to dismiss it.  *See Tompkins*, 557 F.3d at 1259.  Additionally, to the extent Anthony argues the merits of his underlying claims in his appellate brief, we need not consider them because the district court lacked jurisdiction to consider those claims in his successive petition.  Accordingly, we affirm.

**AFFIRMED.**