[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16339
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-21757-JAL


NELSON GARCIA,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 3, 2017)

Before MARCUS, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Nelson Garcia, a state prisoner proceeding pro se, appeals the dismissal of his successive 28 U.S.C. § 2254 petition for lack of subject-matter jurisdiction. On appeal, he argues that the trial court erred at sentencing by not orally pronouncing him guilty of attempted first-degree murder, and, furthermore, that the state failed to prove, at trial, that he acted with intent to commit an offense of burglary within a dwelling.

A state prisoner who wishes to file a second or successive habeas corpus petition must petition us for an order authorizing the district court to consider such a petition. *See* 28 U.S.C. § 2244(b)(3)(A). Absent such an order, the district court is obligated to dismiss a successive petition, as the district court lacks subject-matter jurisdiction to entertain the motion. *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (per curiam).

Both Garcia's initial § 2254 petition and his current § 2254 petition challenged his June 2000 conviction for first-degree murder, burglary, and attempted first-degree murder. Because he failed to obtain authorization from us to pursue his claims, the district court did not err by dismissing them.

Accordingly, we affirm.

**AFFIRMED.**