[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17748
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cv-62321-RNS

FRANCIS W. SUGHRUE,

Petitioner - Appellant,

versus

STATE OF FLORIDA,
STATE OF FLORIDA, ATTORNEY GENERAL,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 12, 2018)

Before JULIE CARNES, JILL PRYOR and HULL, Circuit Judges.

PER CURIAM:

Francis Sughrue, a Florida inmate proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus as impermissibly second or successive.  After careful review, we affirm.[1]

I.

Following his 1990 state criminal convictions, Sughrue filed a § 2254 petition to challenge them.  The district court denied his petition on the merits and we affirmed.  *See Sughrue v. Butler*, 190 F.3d 542 (11th Cir. 1999) (unpublished table decision).  Sughrue subsequently filed the instant § 2254 petition in the district court.  The district court referred the petition to a magistrate judge, who issued a report finding that Sughrue's petition was successive, noting that his previous petition challenged the legality of the same state court judgment and was denied on the merits.  The magistrate judge therefore recommended that Sughrue's petition be dismissed for lack of jurisdiction.

Sughrue objected to the report and recommendation.  He argued that several of his claims relied on newly discovered evidence of fraud upon the state court, making his petition proper under 28 U.S.C. § 2244(b)(2)(B)—which excepts from dismissal certain claims in a second or successive habeas petition based on newly discovered evidence—and Federal Rule of Civil Procedure 60(b)—which lists fraud as grounds for relief from a final judgment.  The district court overruled

---

[1] Sughrue's motion for appointment of counsel for substitute briefing and oral argument therefore is DENIED AS MOOT.

2

Sughrue's objections, adopted the magistrate judge's report and recommendation, and dismissed the petition.  Sughrue appealed.[2]

## II.

Subject to two exceptions, "[a] claim presented in a second or successive habeas corpus application under section 2254 . . . shall be dismissed."  28 U.S.C. § 2244(b)(1).  This dismissal requirement is inapplicable if the petitioner either "shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or demonstrates that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and that those facts, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the [petitioner] guilty of the underlying offense.  *Id.* § 2244(b)(2).  Even if one of these exceptions applies, however, a petitioner must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application" before the district court may consider it.  *Id.* § 2244(b)(3)(A).

---

[2] Sughrue is not required to have a certificate of appealability to litigate his appeal.  *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004).

3

We review *de novo* a district court's conclusion that a § 2254 petition is second or successive such that the petitioner must first seek authorization in this Court to file it. *Stewart v. United States*, 646 F.3d 856, 858 (11th Cir. 2011).

### III.

We agree with the district court that Sughrue's § 2254 petition was second or successive such that he was required to seek authorization from this Court before filing it in the district court, which he did not do. As the district court concluded, both Sughrue's initial and instant § 2254 petitions challenged the same 1990 state court judgment of conviction. His instant petition is therefore successive. *See Magwood v. Patterson*, 561 U.S. 320, 338-39 (2010) (explaining that a § 2254 petition addressing a state court judgment that already has been challenged via an initial § 2254 petition is successive). Sughrue contends that several of his claims are based on newly discovered evidence and thus qualify under one of the two exceptions to § 2244(b)'s dismissal requirement, but even if this is true, the statute requires him to seek authorization from this Court before filing such a petition in the district court, and Sughrue failed to do so.

Sughrue maintains in the alternative that his petition could properly be considered a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Even assuming for purposes of this opinion that the claims in his petition theoretically could be brought via a Rule 60(b) motion, the district court's

dismissal was correct.  A Rule 60(b) motion based on fraud "must be made . . . no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  Because the Federal Rules of Civil Procedure apply only to federal district court proceedings, *see* Fed. R. Civ. P. 1, the only judgment or order Sughrue could attack under Rule 60(b) is the district court's denial of his initial § 2254 proceeding, which was entered nearly ten years ago.  Thus, Sughrue's instant petition, even if properly construed as a Rule 60(b) motion, was untimely under Rule 60(c)(1).

For these reasons, the district court correctly dismissed Sughrue's petition.[3]

**AFFIRMED.**

---

[3] We therefore need not address any of the merits arguments Sughrue advances in his brief.