[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11130
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-24056-UU

TOMMY SPAN,

Petitioner-Appellant,

versus

ATTORNEY GENERAL OF THE STATE OF FLORIDA,
FLORIDA DEPARTMENT OF CORRECTIONS,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 27, 2018)

Before TJOFLAT, WILSON, and FAY, Circuit Judges.

PER CURIAM:

Tommy Span, a Florida state prisoner proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition as an unauthorized second or successive petition.  On appeal, Span addresses at length the merits of some of the claims in his habeas corpus petition, but he does not directly address the district court's dismissal of his petition.  Briefly, however, Span recites the language from 28 U.S.C. § 2244(b)(2)(A) regarding successive petitions, asserting that his petition contained a claim premised on "a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," and alludes to "United States Supreme Court rulings banning enhanced sentences based on factors that had not come before a jury at trial."  He similarly mentions that he has "newly discovered evidence" that a police investigator had claimed that Span, at the time of his arrest, had said he would kill "anyone associated with his arrest."

Span previously filed a § 2254 petition, which was denied on the merits in 1999.  He also previously filed an application for leave to file a second or successive petition in this court, which was denied in 2015.  He filed the instant § 2254 petition in the Southern District of Florida in 2016.

We consider de novo whether a collateral attack is second or successive. *See Stewart v. United States*, 646 F.3d 856, 858 (11th Cir. 2011).  A state prisoner

2

who wishes to file a second or successive habeas corpus petition must move the appropriate court of appeals for an order authorizing the district court to consider such a petition. 28 U.S.C. § 2244(b)(3)(A). Absent such an order, the district court is obligated to dismiss a successive petition, as the district court lacks subject matter jurisdiction to entertain the motion. *Hubbard v. Campbell*, 379 F.3d 1245, 1246–47 (11th Cir. 2004) (per curiam). A certificate of appealability is not required for a federal prisoner to appeal the district court's order dismissing a § 2254 petition as impermissibly successive. *See id.* at 1247.

Here, the district court did not err in dismissing the instant § 2254 petition for lack of jurisdiction because Span filed a previous § 2254 petition, and he did not receive our permission to file a second or successive petition.

**AFFIRMED.**