[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13499
Non-Argument Calendar
_____

D.C. Docket No. 5:17-cv-00707-MHH-JEO

CARL DARRELL HUTTO,

Petitioner-Appellant,

versus

LAWRENCE COUNTY, ALABAMA,
WARDEN,
THE ATTORNEY GENERAL OF THE
STATE OF ALABAMA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(April 3, 2018)

Before MARCUS, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Carl Darrell Hutto, an Alabama prisoner proceeding pro se, appeals the district court's dismissal without prejudice of his construed 28 U.S.C. § 2254 habeas corpus petition as successive.[1] Hutto argues that the district court erred because he has not raised the same claim in any of his prior § 2254 petitions and the issue has not been adjudicated on its merits.

We review de novo a district court's dismissal of a § 2254 petition as successive. *McIver v. United States*, 307 F.3d 1327, 1329 (11th Cir. 2002). A certificate of appealability (COA), typically required for appeals from a final order of a habeas proceeding, is not required for an appeal of an order dismissing a petitioner's filing as a successive habeas petition. *See* 28 U.S.C. § 2253(c); *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (per curiam).

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) established procedures that a state prisoner must follow if he wishes to file a second or successive habeas petition. *See* 28 U.S.C. § 2244(b)(3). AEDPA requirements apply to any cases filed in district court after April 24, 1996, unless the petitioner can show detrimental reliance on pre-AEDPA law, which caused him to omit from

---

[1] We liberally construe pro se pleadings, because we hold those pleadings to a standard less stringent than the standard we employ for pleadings drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

2

his prior habeas petition the claims he raised in a later one. *In re Magwood*, 113 F.3d 1544, 1552–53 (11th Cir. 1997) (per curiam). AEDPA provides that any claim presented in a second or successive habeas petition that was presented in a prior petition shall be dismissed. 28 U.S.C. § 2244(b)(1). If the second or successive habeas petition presents a new claim not previously raised, it too shall be dismissed unless it satisfies one of the two grounds in § 2244(b)(2). Those grounds are (1) the claim relies on a retroactive, new rule of constitutional law, or (2) the claim relies on newly discovered evidence. *Id.* § 2244(b)(2). However, before a petitioner can file a second or successive habeas petition in district court, regardless of the claim or claims the petitioner seeks to present, he must move in the appropriate court of appeals for a COA. *Id.* § 2244(b)(3)(A).

AEDPA's restrictions on second or successive motions are meant to prevent abuse of the writ of habeas corpus by, for example, "barring successive motions raising habeas claims that could have been raised in earlier motions where there was no legitimate excuse for failure to do so." *Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011). However, the term "second or successive" is not "self-defining" and does not necessarily refer to all habeas petitions filed second or successively in time. *Id.* Namely, where a petitioner seeks to challenge a different judgment than was challenged in the first § 2254 petition, the petition will not be

3

deemed second or successive. *Magwood v. Patterson*, 561 U.S. 320, 323–24, 130 S. Ct. 2788, 2792 (2010).

The district court correctly concluded that Hutto's § 2254 petition was successive. In the instant petition, he challenged the same 1987 judgment of conviction for murder that imposed a sentence of life imprisonment as he did in his first § 2254 petition in 1993. The 1993 petition was denied with prejudice. Further, Hutto failed to present evidence that he obtained authorization from this court to file such a second or successive petition. Finally, he has not shown any detrimental reliance on pre-AEDPA law that was in effect at the time of his first habeas petition. Accordingly, we affirm.

**AFFIRMED.**