[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11786

Non-Argument Calendar

_____

DAVID BRITT,

Petitioner-Appellant,

*versus*

KARL FORT,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-04304-SCJ

_____

Before WILSON, ROSENBAUM, and DUBINA, Circuit Judges.

PER CURIAM:

David Britt, a Georgia prisoner proceeding *pro se*, appeals the district court's order dismissing his habeas corpus petition under 28 U.S.C. § 2254. Britt argues that the district court erred when it determined that his case is a successive § 2254 petition because Britt had filed a previous federal habeas petition challenging his Georgia state convictions and sentences that the district court denied on the merits. After a review of the record and having read Britt's appellate brief, we affirm the district court's order of dismissal.[1]

I.

We review *de novo* a district court's order of dismissal for lack of jurisdiction. *Howard v. Warden*, 776 F.3d 772, 775 (11th

---

[1] The Appellee did not file an appellate brief.

21-11786               Opinion of the Court                    3

Cir. 2015).  We also review *de novo* whether a habeas petition is successive.  *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1324 (11th Cir. 2017) (*en banc*).  A Certificate of Appealability ("COA"), typically required for appeals from a final order of a habeas proceeding, is not required for an appeal of an order dismissing a petitioner's filing as a successive habeas petition.  28 U.S.C. § 2253(c); *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004).  We can review the dismissal as a "final decision" under 28 U.S.C. § 1291.  *See Hubbard*, 379 F.3d at 1247.

Under 28 U.S.C. § 2244(b), a state prisoner who wishes to file a second or successive habeas corpus petition must move the court of appeals for an order authorizing the district court to consider such a petition.  *See* 28 U.S.C. § 2244(b)(3)(A).  Whether a habeas petition is successive depends "on the judgment challenged." *Patterson*, 849 F.3d at 1325.  Where the prisoner fails to seek or

4                    Opinion of the Court                    21-11786

obtain authorization to file a successive petition, the district court lacks jurisdiction to consider the merits of the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 127 S. Ct. 793, 796 (2007). We liberally construe *pro se* briefs. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

## II.

We conclude that, based on the record, the district court properly dismissed Britt's petition for lack of jurisdiction because Britt had previously filed a habeas petition challenging the same convictions and he never received the required authorization to file a successive petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton*, 548 U.S. at 152-53. Accordingly, we affirm the district court's order dismissing Britt's habeas petition for lack of jurisdiction.[2]

---

[2] We DENY Britt's motion to supplement the record.

21-11786              Opinion of the Court                    5

**AFFIRMED.**