[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11027

Non-Argument Calendar

_____

SOLOMON DAVID ROBERTS,

Plaintiff-Appellant,

*versus*

STATE OF FLORIDA,
ATTORNEY GENERAL, STATE OF FLORIDA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-20714-RKA

_____

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Solomon David Roberts is a Florida prisoner serving life imprisonment after pleading guilty to various offenses in three Florida cases in 1982. He appeals *pro se* from the district court's dismissal of his 28 U.S.C. § 2254 federal habeas petition for lack of jurisdiction as an impermissible second or successive petition, and the denial of his subsequent motion for reconsideration. After review, we affirm.

On appeal, Roberts does not specifically challenge the district court's decision to dismiss his petition as second or successive. Instead, he argues the merits of the claims that he sought to bring in the underlying § 2254 petition—namely, challenges to the validity of his plea in the 1982 cases.[1]

"We review de novo whether a petition for a writ of habeas corpus is second or successive." *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1324 (11th Cir. 2017) (en banc). Under the

---

[1] Roberts filed a motion for a certificate of appealability and requested an evidentiary hearing on the merits of his underlying claims. However, a certificate of appealability is not necessary to appeal the dismissal of a habeas petition as second or successive. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004). Accordingly, Roberts's motion for a certificate of appealability is DENIED AS MOOT. We also DENY his request for an evidentiary hearing because, as explained further, the district court lacked jurisdiction over his unauthorized successive habeas petition.

Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner who wishes to file a second or successive habeas petition must first "move [in this Court] for an order authorizing the district court to consider the [petition]." 28 U.S.C. § 2244(b)(3)(A). Absent our authorization, "the district court lacks subject matter jurisdiction to consider the merits of the petition." *Lambrix v. Sec'y. Dep't of Corr.*, 872 F.3d 1170, 1180 (11th Cir. 2017).

Roberts previously filed a § 2254 petition challenging his 1982 convictions in 1997, which was denied as procedurally defaulted. His sentence was amended in 2005.[2] Thereafter, he filed another § 2254 petition challenging his 1982 convictions and his amended sentence, which was dismissed in part and denied in part. Accordingly, Roberts's present § 2254 petition was second or successive and because he did not have authorization from this Court, the district court properly dismissed it for lack of jurisdiction. *Lambrix*, 872 F.3d at 1180.

The district court also properly denied Roberts's subsequent motion for reconsideration because the motion failed to address the district court's determination that it lacked subject matter jurisdiction over his § 2254 petition.

Accordingly, we affirm.

---

[2] Roberts's original sentence stated that the trial court retained jurisdiction over the sentence for 33 years. In 2005, his sentence was amended to strike this provision and relinquish jurisdiction.

4                          Opinion of the Court                    21-11027

AFFIRMED.