Felicia Y. JACKSON, Petitioner-
Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 16-16472
Non-Argument Calendar

United States Court of Appeals,
Eleventh Circuit.

(October 25, 2017)

Harold William Wasden, Burr & For-
man, LLP, Mobile, AL, for Petitioner-Ap-
pellant

Felicia Y. Jackson, Pro Se

Christopher B. Brinson, Adam W. Over-
street, Kenyen Ray Brown, U.S. Attor-
ney's Office, Mobile, AL, for Respondent-
Appellee

Before TJOFLAT, WILLIAM PRYOR,
and ANDERSON, Circuit Judges.

PER CURIAM:

Felicia Jackson appeals the District
Court's order dismissing her motion to
vacate, set aside, or correct her sentence,
filed pursuant to 28 U.S.C. § 2255. Jack-
son appeals without first obtaining a certif-
icate of appealability ("COA") as required
by 28 U.S.C. § 2253(c)(1)(B). Section 2253
does not permit the appeal of a "final
order" in a § 2255 proceeding unless a
COA has been issued. Because the District
Court's dismissal constitutes a final order
within the meaning of § 2253 and no COA
has been issued, we lack jurisdiction to
hear the appeal. We therefore dismiss
Jackson's appeal without prejudice.

I.

Felicia Jackson is a federal prisoner
serving a life sentence for conspiracy to

**1090**

commit bank robbery,[1] bank robbery resulting in death,[2] and possession of a firearm during a crime of violence.[3] In 2003, Jackson filed her first § 2255 motion in the Southern District of Alabama. It was denied. In 2016, Jackson filed an application in this Court, pursuant to 28 U.S.C. § 2244(b)(3)(A), seeking an order to authorize the District Court to consider a second or successive § 2255 motion on the basis of *Johnson v. United States*, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). This Court granted Jackson's application because the available record was too limited to determine which crime of violence provided the basis for her firearm possession offense. In granting the application, this Court stated that this issue had not been "conclusively resolve[d]" and directed the District Court to perform a *de novo* assessment of whether Jackson met the statutory criteria of § 2255(h)(2) before assessing the merits of her claim.

With the benefit of the complete record, the District Court determined that Jackson's conviction and sentence could not possibly give rise to a cognizable claim under *Johnson*. Because her § 2255 motion conclusively could not contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," Jackson failed the § 2255(h)(2) inquiry and the District Court dismissed her motion with prejudice.

Jackson appealed. The District Court construed her notice of appeal as a motion for a COA and denied it. Without applying for a COA from this Court, she argues here that *Hubbard v. Campbell*, 379 F.3d 1245 (11th Cir. 2004), permits her appeal without the issuance of a COA because § 2253(c) does not apply. We find that

*Hubbard* is inapposite and § 2253(c) does apply.

## II.

Section 2253(c) bars appeals from "final order[s]" in § 2255 proceedings "[u]nless a circuit justice or judge issues a certificate of appealability." Because no COA has been issued in this case, we have no jurisdiction to entertain Jackson's appeal if the order issued by the District Court is a "final order" within the meaning of the statute. We conclude that it is.

The key inquiry into whether an order is "final" for § 2253 purposes is whether it is an order "that dispose[s] of the merits of a habeas corpus proceeding." *Harbison v. Bell*, 556 U.S. 180, 183, 129 S.Ct. 1481, 1485, 173 L.Ed.2d 347 (2009). Here, the District Court performed a *de novo* review of whether Jackson's successive motion met the statutory criteria of § 2255(h)(2) and concluded that it did not. This conclusion was necessarily on the merits of Jackson's claim, because under § 2255(h)(2) it is the merits of the claim itself that qualify it to be heard. Only "newly discovered evidence" that, after considering, "no reasonable factfinder would have found the movant guilty," or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," provide bases under § 2255(h)(2) for a second or successive motion. In other words, the petitioner prevails only if the facts or the law—the merits of their claim—have significantly improved in their favor. The District Court's decision that Jackson's motion did not satisfy § 2255(h)(2), therefore, is necessarily on the merits.

1. 18 U.S.C. § 371.

2. *Id.* § 2113(a), (e).

3. *Id.* § 924(c)(1)(A).

There also was no jurisdictional bar to the District Court's review. On the contrary, this Court granted Jackson's § 2244(b)(3)(A) application and properly placed her motion before the District Court. The District Court reviewed the underlying facts and law *de novo* and concluded that Jackson's motion failed to state a claim that could possibly grant relief. Accordingly, the District Court dismissed the motion with prejudice. The dismissal constituted an adjudication on the merits.[4]

Jackson now argues that *Hubbard* controls. It does not. In *Hubbard*, an inmate filed a petition in the Northern District of Alabama for a second or successive habeas corpus application without first moving in this Court for authorization required by § 2244(b)(3)(A). 379 F.3d at 1246. Because the inmate failed to obtain authorization, the Northern District dismissed the petition without prejudice for lack of subject matter jurisdiction. *Id.* The inmate then applied to this Court for a COA. *Id.* at 1247.

We determined that the Northern District's dismissal without prejudice was not a "final order in a habeas corpus proceeding" under § 2553. *Id.* Instead, it was an order dismissing the petition for lack of jurisdiction. Because the key inquiry is whether the order disposed of the *merits* of the proceeding, and the Northern District properly dismissed the case when it had no jurisdiction to reach the merits, *Hubbard* was correctly decided.

But *Hubbard* is easily distinguished from the present case. Here, the District Court had jurisdiction over the case because this Court had authorized it under § 2244(b)(3)(A). The District Court exercised that jurisdiction in performing a *de*

*novo* review of the merits of Jackson's claim under *Johnson.* After performing that review, the District Court determined that Jackson's claim was without merit and dismissed the claim with prejudice.

### III.

A district court dismissing a petition without prejudice, because it lacks subject matter jurisdiction, is not the same as a district court dismissing a petition *with* prejudice on the merits. This distinction is critical here. The District Court had jurisdiction, exercised it, performed *de novo* review as instructed by this Court, and dismissed Jackson's petition on the merits. Therefore, *Hubbard* does not control. But *Harbison* does. Because the District Court's order "dispose[d] of the merits of a habeas corpus proceeding," it is a "final order" within the meaning of § 2253. *Harbison,* 556 U.S. at 183, 129 S.Ct. 1481. Since no COA has been issued, we lack jurisdiction to hear the appeal. Jackson's appeal is therefore dismissed without prejudice.

**DISMISSED.**

---

4. This merits-based dismissal framework should sound familiar. A dismissal with prejudice for failure to state a claim upon which relief can be granted, under Federal Rule of Civil Procedure 12(b)(6), is an adjudication on the merits. *Lobo v. Celebrity Cruises, Inc.,* 704 F.3d 882, 893 (11th Cir. 2013).