[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13317
Non-Argument Calendar

_____

D.C. Docket No. 6:07-cr-00180-ACC-DAB-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ERSKINE JERMAINE FLORENCE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 14, 2019)

Before TJOFLAT, MARCUS, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Erskine Jermaine Florence, a federal inmate proceeding *pro se*, appeals the District Court's dismissal of his Motion under Rules 60(b) and (d) of the Federal Rules of Civil Procedure.  Florence's underlying contention is that the Assistant United States Attorneys who accepted his plea agreement—and the United States Attorney who supervised them—acted *ultra vires* because a request under the Freedom of Information Act, 5 U.S.C. § 552, revealed no indication that those persons had ever executed their oaths of office.  Due to the lack of valid appointments, the argument goes, the sentencing court lacked jurisdiction over all aspects of his criminal case—from indictment to judgment to sentencing.  Florence thus moved for his sentence to be vacated.  The District Court dismissed Florence's Motion in a docket entry because, in its words, "Federal Rule of Civil Procedure 60(b) or 60(d) cannot be used to challenge a criminal judgment."  The Court ruled that it had "no jurisdiction to grant the relief sought."

We reverse the District Court's order of dismissal of Florence's Motion because the Court erroneously determined that it lacked subject-matter jurisdiction. Florence was entitled to have his Motion construed as a motion for relief under 28 U.S.C. § 2255—the only vehicle that could possibly provide him relief.  As such, we remand this case to the Court for further proceedings.  Because we write for the parties, we set out facts only as they are needed to support our analysis.

I.

2

Our analysis proceeds in three parts.  We begin by explaining that Florence's Motion, though styled as one for relief under Rules 60(b) and (d) of the Federal Rules of Civil Procedure, was really one for relief under 28 U.S.C. § 2255.  We then explain that a certificate of appealability ("COA") under 28 U.S.C. § 2253 is not required for us to review the District Court's dismissal for lack of subject-matter jurisdiction because it is not a "final order in a proceeding under section 2255."  28 U.S.C. § 2253(c)(1)(B).  With those principles in mind, we turn to the District Court's jurisdiction and conclude that the Court erred in dismissing a § 2255 motion that was properly before it.

## A.

The District Court improperly construed Florence's Motion.  "[F]ederal courts must look beyond the labels of motions filed by pro se inmates to interpret them under whatever statute would provide relief."  *Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000) (per curiam).  Florence's Rule 60 Motion was, in effect, a motion for relief under 28 U.S.C. § 2255.  What Florence seeks—"to be released from the Custody of the Bureau of Prisons immediately"—is classic habeas relief.  Section 2255 is the procedural vessel for a "prisoner in

3

custody . . . claiming the right to be released upon the ground that the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a).[1]

Having determined the nature of the proceeding before us, we now consider whether a COA is required to entertain Florence's appeal.

---

[1] Note that Florence already has an unresolved § 2255 motion pending before the District Court. His claim of error in that Motion is that the residual clause of § 4B1.2(a) of the United States Sentencing Guidelines is unconstitutionally vague. The District Court stayed the proceedings pending a decision of the Supreme Court in *Beckles v. United States*, 580 U.S. ___, 137 S. Ct. 887 (2017). (*Beckles*, it turns out, forecloses Florence's claim because Guidelines provisions are not subject to vagueness challenges. *Id.* at ___, 137 S. Ct. at 892.) The Court instructed Florence to notify the Court in writing within ten days of the decision and warned that failure to do so would result in dismissal of his case without further notice. It also ordered the clerk to administratively close the case. The clerk complied, the case remains closed, but that Motion is still unresolved.

Though the Motion before us now is a new claim for relief under § 2255, it is not a "second or successive" application within the meaning of 28 U.S.C. § 2244(b), which would first require Florence to seek leave of this Court before filing an additional motion. *Cf. In re Bradford*, 830 F.3d 1273, 1276 (11th Cir. 2016) (per curiam) (holding that § 2244(b) applies to motions under § 2255). This is so because "second or successive status only attaches to a judgment on the merits." *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014). And "administratively closing a case is not the same as dismissing a case." *Martinez v. Carnival Corp.*, 744 F.3d 1240, 1244 (11th Cir. 2014). Because Florence's first Motion has *not* been decided on the merits—as a panel of this Court has already determined, *see In re Florence*, No. 18-12980-J, slip op. at 2 (11th Cir. Nov. 14, 2018) (per curiam)—this Motion is not "second or successive" within the meaning of 28 U.S.C. § 2244(b).

For the same reason, to treat Florence's Motion as a Rule 60 motion—that is, to treat it as he himself styled it—would be nonsensical.

Rule 60(b) provides relief from a "final judgment, order, or proceeding" in cases of "fraud" or a "void" judgment. Fed. R. Civ. P. 60(b)(3)−(4). Rule 60(d) merely confirms that the Rule "does not limit a court's power to . . . set aside a judgment for fraud on the court." *Id.* 60(d). We have recognized two narrow circumstances in which in which a habeas litigant may employ Rule 60 in lieu of seeking leave to file a "second or successive" habeas motion. *See Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1278 (11th Cir. 2004) (en banc) (permitting such motions in cases of (1) "clerical errors in the judgment itself" or (2) "fraud upon the federal court which led to the denial of the habeas petition").

But Rule 60 has no bearing here because Florence's first § 2255 Motion is not final. As such, there is no "judgment" in which a "clerical error" could be contained, and there has been no "denial of the habeas petition" to which "fraud" could have caused.

4

B.

A COA, issued by this Court or by the District Court, is required before an appeal may be taken from the "final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). Here, however, a COA is not required for us to review the District Court's dismissal because the Court dismissed Florence's Motion for lack of subject-matter jurisdiction. *See Jackson v. United States*, 875 F.3d 1089, 1091 (11th Cir. 2017) (per curiam) (stating that dismissal for lack of subject-matter jurisdiction is not a final order under § 2253(c) because the "key inquiry is whether the order disposed of the *merits* of the proceeding").

Satisfied that we have jurisdiction to entertain this appeal, we turn to the District Court's jurisdiction.

C.

We review *de novo* a district court's dismissal of a habeas petition for lack of subject-matter jurisdiction. *Howard v. Warden*, 776 F.3d 772, 775 (11th Cir. 2015). The District Court erred in dismissing Florence's Motion, which we have said must be construed as a motion for relief under § 2255. Florence met the jurisdictional prerequisites because he is in custody, *see* 28 U.S.C. § 2255(a), and because—though lack of authorization from this Court to file a "second or successive" motion deprives a district court of jurisdiction, *see Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam)—the Motion here is not

5

"second or successive" as that term is used in 28 U.S.C. § 2244(b).  As such, the Court should have exercised jurisdiction.

## II.

We accordingly **REVERSE** the District Court's order of dismissal for lack of subject-matter jurisdiction and **REMAND** this case for further proceedings. The Court shall treat Florence's Motion as a motion for relief under § 2255.  In so doing, it shall (1) "notify [Florence] that it intends to recharacterize the pleading," (2) "warn [Florence] that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions," and (3) "provide [Florence] an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."  *Castro v. United States*, 540 U.S. 375, 383, 124 S. Ct. 786, 792 (2003).  If Florence proceeds on this new claim, the Court shall begin by analyzing in the first instance whether the claim is time barred under 28 U.S.C. § 2255(f) (imposing a one-year statute of limitations).

**SO ORDERED.**