[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12728
Non-Argument Calendar
_____

D.C. Docket No. 5:16-cv-00917-ACA-JEO

ROBERT C. GILL,

Petitioner-Appellant,

versus

WARDEN,
ATTORNEY GENERAL OF THE STATE OF ALABAMA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(January 28, 2020)

Before MARTIN, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Robert Gill, a state prisoner currently serving a life sentence for a 1996 armed-robbery conviction, appeals the district court's dismissal of his *pro se* 28 U.S.C. § 2254 petition, which (on its face, anyway) challenged an earlier 1992 drug-possession conviction. Gill argues that the district court erred in dismissing his petition for lack of subject matter jurisdiction because, he contends, he is "in custody" for his 1996 conviction, which was enhanced based on the 1992 conviction. He also argues that the district court erred in finding that a § 2254 petition challenging his 1992 conviction would be untimely and that a § 2254 petition challenging his 1996 conviction would be successive. We dismiss Gill's appeal as to the timeliness issue, and we affirm the district court's dismissal of his petition as outside its jurisdiction to the extent he challenges his 1996 conviction, as such a petition is barred as successive.

## I

Gill's § 2254 petition involves two prior convictions: one from 1992 and one from 1996. In 1992, Gill pleaded guilty to possession of a controlled substance in the Circuit Court of Morgan County, Alabama. He was sentenced to a term of three years' imprisonment, which he completed by 1995. In 1996, Gill once again found himself in the Circuit Court of Morgan County, where he was convicted of first-degree robbery. Using Gill's 1992 conviction to enhance his sentence, the court imposed a term of life without parole.

2

In September 2014, while imprisoned pursuant to his 1996 conviction, Gill filed a post-conviction petition in state court relating to his 1992 conviction: He alleged that the 3-year sentence he had served was invalid because the trial court failed to impose upon him a mandatory $1,000 Drug Demand Reduction fine. The circuit court granted the petition and ordered an amended sentencing hearing. On January 6, 2015, the trial court held the resentencing hearing, at which Gill was not represented by counsel, and amended the 1992 sentencing order to include the mandatory $1,000 fine. Two days later, Gill filed a motion to withdraw his 1992 guilty plea, arguing that the trial court's imposition of the mandatory fine rendered the plea involuntary, given that he was never told prior to pleading guilty that he would be subject to the additional fine. The circuit court denied his motion, and the state court of appeals affirmed.

In 2016, Gill filed the instant pro se federal habeas petition, which listed his 1992 conviction as the subject of his challenge. It alleged two grounds for relief: (1) that Gill should have been permitted to withdraw his 1992 guilty plea because it was unknowingly and involuntarily made, and (2) that Gill was improperly denied the right to counsel at the January 6, 2015 resentencing hearing. The State of Alabama moved to dismiss Gill's petition on the ground that—because Gill is no longer "in custody" pursuant to his 1992 conviction—the district court lacked jurisdiction to consider Gill's challenge.

Relying on the Report and Recommendation of a magistrate judge, the district court dismissed Gill's petition for lack of jurisdiction.  It held that, regardless of whether Gill's petition is construed as an attack on his 1992 conviction or as an attack on his 1996 conviction, it could not be considered.  To the extent Gill's petition attacks his 1992 conviction, the district court held, the court lacked jurisdiction to consider it because Gill is not "in custody" pursuant to that conviction—because his three-year sentence has been fully served, the 1992 conviction can't be used to challenge his 1996 conviction.  The petition would also be untimely, according to the district court, because the 2015 amendment to Gill's 1992 sentence did not constitute a "new judgment" for purposes of 28 U.S.C. § 2244.  Alternatively, to the extent that Gill's petition attacks his 1996 conviction, the court concluded, it is a successive petition for which he had not demonstrated approval from this Court pursuant to 28 U.S.C. § 2244(b).  (In July 2001, Gill had filed a § 2254 petition for relief from his 1996 conviction.)

The district court thus adopted the magistrate judge's report and accepted his recommendation, "with the exception of the recommendation that it would dismiss the case with prejudice," because, the district court held, "dismissal for lack of jurisdiction is without prejudice."  The district court also denied a Certificate of Appealability ("COA"), and Gill did not seek one from this Court.

**II**

4

Because no COA has been issued, on appeal the state argues that we do not have jurisdiction to review the district court's order denying Gill's petition. Before addressing Gill's arguments, therefore, we must first determine whether we have jurisdiction to consider them on appeal, an issue that we review de novo. *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). "The key inquiry into whether an order is 'final' for § 2253 purposes is whether it is an order that dispose[s] of the merits of a habeas corpus proceeding." *Jackson v. United States*, 875 F.3d 1089, 1090 (11th Cir. 2017) (quotation omitted, alteration in original). When a COA is required, we lack jurisdiction to hear the appeal unless and until one issues. *Id.* at 1090-91.

A COA is not required, however, to review a district court's dismissal of a habeas petition for lack of subject matter jurisdiction. *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004). In *Hubbard*, we explained that § 2253(c) does not apply to an order dismissing a habeas petition for lack of subject matter jurisdiction because such an order "is not a final order in a habeas corpus

5

proceeding within the meaning of the statute." *Id.* (quotations marks omitted).

Accordingly, we determined that we had jurisdiction to review the district court

order under 28 U.S.C. § 1291. *Id.*

The state urges us to overrule *Hubbard*, which we cannot do—we are bound

by a prior panel's holding "unless and until it is overruled or undermined to the

point of abrogation by the Supreme Court or by this [C]ourt sitting en banc." *In re*

*Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015) (quotation omitted).

Even absent a COA, therefore, we have jurisdiction to consider Gill's

argument that he is "in custody" pursuant to his 1992 conviction. That portion of

the district court's dismissal was based on subject matter jurisdiction, rather than

an assessment of the merits. *See Howard v. Warden*, 776 F.3d 772, 775 (11th Cir.

2015) ("The question of whether a person is 'in custody' within the meaning of 28

U.S.C. § 2241(c)(3) is one of subject-matter jurisdiction."); *see also Jackson*, 875

F.3d at 1090. For the same reason, we also have jurisdiction to review the question

whether Gill's petition is successive. *In re Morgan*, 717 F.3d 1186, 1193 (11th

Cir. 2013) (citation omitted) ("The bar on second or successive motions is

jurisdictional.").

The government also challenges our jurisdiction to review whether the

district court properly dismissed Gill's petition as untimely. Unlike the "in

custody" and successive-petition issues, the statute of limitations for habeas cases

6

does not implicate jurisdiction. *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). This Court cannot address the question of timeliness without a COA on that issue; because none has issued, we dismiss that portion of the appeal.

## III

We turn now to the issues we can consider: (1) whether Gill is "in custody" for the purposes of his petition, and (2) whether Gill's petition is an unauthorized successive petition. We review a district court's dismissal for lack of jurisdiction de novo. *See Diaz v. State of Fla. Fourth Judicial Circuit*, 683 F.3d 1261, 1263 (11th Cir. 2012) (citation omitted).

To bring a habeas petition, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), which the Supreme Court has interpreted as requiring the petitioner to be "in custody" under the conviction or sentence that he seeks to attack at the time that he files his petition. *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989).

In the instant § 2254 petition, Gill challenges his 1992 conviction, for which he received *and completed* a three-year sentence. Because Gill is no longer "in custody" pursuant to the 1992 conviction, he cannot challenge that conviction in a habeas petition. *Id.* On appeal, however, Gill argues that his petition should be read to challenge to his 1996 conviction for first-degree robbery—for which he is currently incarcerated for life without parole and which was enhanced based on his

7

1992 conviction. Because Gill is proceeding pro se, we will construe his petition liberally as a challenge to his 1996 conviction. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

In so doing, we follow the Supreme Court's lead in *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001). There, the petitioner was convicted in 1986 of simple assault, institutional vandalism, and criminal mischief, and sentenced to two consecutive prison terms of six months to one year. *Id.* at 397. In 1990, after fully serving the sentences for his 1986 convictions, the petitioner was convicted of aggravated assault and sentenced to 6 to 12 years in prison. *Id.* at 399. In 1994, the petitioner filed a § 2254 petition contending that his 1986 conviction for assault was the product of ineffective assistance of counsel. *Id.*. The Supreme Court construed the petition liberally as asserting a challenge to his 1990 conviction, as enhanced by the allegedly invalid prior 1986 conviction. *Id.* at 401–02. Accordingly, the Court held, the petitioner satisfied § 2254's "in custody" requirement. *Id.* at 402. In the same fashion, we conclude that Gill has met the "in custody" requirement.[1]

---

[1] Despite clearing the "in custody" bar, there is language in *Lackawanna* that indicates that Gill's petition is barred nonetheless. "Once a state conviction is no longer open to direct or collateral attack in its own right," the Court held, "the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.* at 403–04. *Lackawanna* then adds an exception to this rule for "prior conviction[s] . . . obtained where there was a failure to appoint counsel in violation of the Sixth Amendment." *Id.* at 404. Because Gill does not allege that he was denied the assistance of counsel in connection with his 1992 conviction, we doubt that he may challenge his 1996

The district court properly dismissed Gill's petition because a challenge to his 1996 conviction would be successive—Gill has previously challenged that judgment.  *See* 28 U.S.C. § 2244(b)(3)(A).  AEDPA provides that, before a petitioner can file a second or successive habeas petition in district court, he must move in the appropriate court of appeals for an order authorizing it.  *Id.*  Without authorization, the district court lacks jurisdiction to consider a second or successive habeas petition.  *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (citation omitted).  Because Gill has not obtained authorization from this Court to file a successive petition, the district court did not have jurisdiction to consider a challenge to his 1996 conviction.  *See id.*

**DISMISSED IN PART, AFFIRMED IN PART.**

---

sentence on the ground that his 1992 conviction was illegally obtained.  Fortunately, we need not decide the extent of *Lackawanna*'s rule, counter-rule, and exception, as we can instead affirm the dismissal of Gill's petition on other grounds—as explained in text, to the extent it challenges his 1996 conviction, his petition is successive.