[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 20-12766

Non-Argument Calendar

_____

ANTHONY J. FAILS,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:13-cv-00455-LC-CJK

_____

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Anthony Fails, proceeding *pro se*, appeals the denial of his motion pursuant to Fed. R. Civ. P. 60(b)(4) and his motion for an emergency injunction, which he filed in his 28 U.S.C. § 2254 federal habeas action. In his Rule 60(b)(4) motion and on appeal, he argues that referral of his previous Rule 60(b) motions to a magistrate judge for reports and recommendations was a mandatory procedure, violation of which deprived him of his right to due process under the Fourteenth Amendment. The state argues that our earlier denial of a certificate of appealability ("COA") as to Mr. Fails' Rule 60(b)(4) motion deprives us of jurisdiction to consider that issue.

Appeal from a final order in a habeas proceeding may not be taken unless a judge of this Court issues a COA. *See* 28 U.S.C. § 2253(c)(1). The lack of a COA, when one is required, leaves us without jurisdiction to decide the appeal. *See Jackson v. United States*, 875 F.3d 1089, 1089 (11 Cir. 2017). We have held that this requirement bars appeal from the denial by a district court of a motion under Rule 60(b). *See Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1263 (11th Cir. 2004).

Because we denied a COA as to the denial of Mr. Fails' motion under Rule 60(b)(4), we lack jurisdiction to consider his

argument in that motion that the orders denying his prior motions were void for failure to be referred to a magistrate judge.

As to the only issue available for us to decide—the summary denial of Mr. Fails' motion for an emergency injunction—his failure to raise this argument in his initial brief resulted in abandonment. When an appellant fails sufficiently to argue an issue on appeal, that issue is abandoned. *See Hamilton v. Southland Christian School, Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012). Likewise, an appellant who fails to raise an issue in his initial brief generally may not do so in his reply brief. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Accordingly, we dismiss for lack of jurisdiction the appeal as to the district court's denial of Mr. Fails' Rule 60(b)(4) motion. As to the denial of Mr. Fails' motion for an emergency injunction, we affirm.

**DISMISSED IN PART AND AFFIRMED IN PART.**