[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10164

Non-Argument Calendar

_____

JOHNATHAN HAWTHORNE,
a.k.a. Jonathan Hawthrone,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-23815-UU

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Johnathan Hawthorne, a federal prisoner proceeding pro se, appeals the dismissal of his 28 U.S.C. § 2255 motion to vacate his conviction and sentence. The government has moved for summary affirmance and for a stay of the briefing schedule. Hawthorne has moved for leave to file a response out of time. For the following reasons, we grant Hawthorne's motion for leave to file his response out of time, summarily affirm the dismissal, and deny as moot the government's motion to stay the briefing schedule.

## I.

In 2016, a jury convicted Hawthorne of being a felon in possession of a firearm and ammunition. The district court, finding that Hawthorne was an armed career criminal, sentenced him to 480 months' imprisonment. We affirmed Hawthorne's conviction and sentence on direct appeal. *United States v. Hawthrone*, 759 F. App'x. 765, 772 (11th Cir. 2018) (unpublished).

In 2020, Hawthorne filed a § 2255 motion to vacate, raising various grounds of ineffective assistance of counsel. A magistrate judge issued an initial order of instructions, as well as an order identifying several technical deficiencies in Hawthorne's § 2255 motion and requiring him to file an amended pleading within 30 days. The magistrate judge also warned Hawthorne that failure

to comply with the order by not filing a proper, amended motion within 30 days may result in dismissal of his case.

Hawthorne did not file an amended § 2255 motion, nor did he request an extension of time. Two weeks after the deadline, the district court, pursuant to Fed. R. Civ. P. 41(b), dismissed the case without prejudice.

## II.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review a district court's dismissal for failure to comply with the rules of court for abuse of discretion. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). "Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Id.* (quotation omitted).

## III.

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute or failure to comply with a court order or the federal rules. *See* Fed. R. Civ. P. 41(b); *Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989). Dismissal "upon disregard of an order, especially where

the litigant has been forewarned, generally is not an abuse of discretion." *Moon*, 863 F.2d at 837. Ordinarily, a dismissal without prejudice is not an abuse of discretion. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983).

Although we liberally construe pro se pleadings, pro se litigants are still required to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). And issues "not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

On appeal, Hawthorne reiterates the merits of his § 2255 motion instead of challenging the district court's dismissal of it.[1] After the government moved for summary affirmance, Hawthorne moved for leave to file an out-of-time response. In his proposed response, he contends that summary affirmance is improper because, although his § 2255 motion may have been technically defective, his claims are substantial in nature.

The district court did not abuse its discretion by dismissing without prejudice Hawthorne's § 2255 motion under Rule 41(b) for failure to prosecute and failure to comply with the court's order. *See Betty K Agencies*, 432 F.3d at 1337. The magistrate

---

[1] We note that Hawthorne does not need a certificate of appealability to appeal because the district court's dismissal of his motion was not a "final order" for purposes of 28 U.S.C. § 2253(c), as it did not dispose of the merits of his motion. *See* 28 U.S.C. § 2253(c); *Jackson v. United States*, 875 F.3d 1089, 1090 (11th Cir. 2017) (a "final order," for purposes of § 2253, is an order that disposes of the merits of a § 2255 motion).

judge gave Hawthorne clear and explicit instructions regarding the deficiencies in his motion, and she provided him with one month to cure them and warned him that failing to comply could result in dismissal of his case.

When Hawthorne did not file an amended § 2255 motion by the deadline, the district court waited an additional two weeks before dismissing his case. Hawthorne could have filed an amended § 2255 motion or requested an extension of time during that two-week period, but he failed to do either. Because a district court's power to dismiss an action "is an inherent aspect of its authority to enforce its orders and insure prompt disposition of law suits," the district court's dismissal under Rule 41(b) was not an abuse of discretion. *See Dynes*, 720 F.2d at 1499 (quotation omitted); *Moon*, 863 F.2d at 837–38.

Furthermore, no substantial question exists on the outcome of this appeal because Hawthorne has abandoned any challenge to the district court's dismissal by failing to raise the issue in his brief on appeal. *See Timson*, 518 F.3d at 874.

## IV.

Because the government's position is correct as a matter of law, summary affirmance is appropriate. Hawthorne's motion for leave to file his response out of time and the government's motion for summary affirmance are GRANTED, and the government's motion to stay the briefing schedule is DENIED as moot.

**AFFIRMED.**