[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 22-12002

Non-Argument Calendar

————————————————

ONEIL JOHNSON,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cv-80399-WPD

————————————————

Before ROSENBAUM, JILL PRYOR, and LAGOA, Circuit Judges.

PER CURIAM:

Oneil Johnson, proceeding *pro se*, appeals the district court's dismissal of his *pro se* 28 U.S.C. § 2254 petition, which he purportedly had filed in March 2021, but which was not discovered by the district court until November 2021,[1] and the denial of his subsequent Federal Rule of Civil Procedure 59(e) motion. On appeal, Johnson argues that his *pro se* petition, which was filed shortly after the filing of a counseled petition, was not successive because the counseled petition was frivolous.

Generally, a party forfeits a claim on appeal by failing to "plainly and prominently" raise that claim in his initial brief. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Id.* at 680.

---

[1] After locating Johnson's *pro se* § 2254 petition, the court found that, had the petition been received in March—when Johnson handed it to prison officials for mailing—it would have stricken the petition as an unauthorized *pro se* filing because Johnson was still represented by counsel at the time he attempted to file it. The court further noted that, had the court determined the *pro se* § 2254 petition to be filed when it was located in November, it would have been dismissed as successive and untimely, and that the claims were procedurally barred and unexhausted. The court also found that Johnson was not entitled to relief on the merits.

However, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Generally, appeals from § 2254 proceedings require a certificate of appealability ("COA"), but "no COA is necessary to appeal the dismissal for lack of subject matter jurisdiction of a successive habeas petition because such orders are not 'a final order in a habeas corpus proceeding.' Instead, we may review such a dismissal as a 'final decision' under 28 U.S.C. § 1291." Osbourne v. Sec'y, Fla. Dep't of Corr., 968 F.3d 1261, 1264 n.3 (11th Cir. 2020) (citation omitted) (quoting Hubbard v. Campbell, 379 F.3d 1245, 1247 (11th Cir. 2004)). "The key inquiry into whether an order is 'final' for [28 U.S.C.] § 2253 purposes is whether it is an order 'that disposes of the merits in a habeas corpus proceeding.'" Jackson v. United States, 875 F.3d 1089, 1090 (11th Cir. 2017) (alteration adopted) (quoting Harbison v. Bell, 556 U.S. 180, 183 (2009)).

"Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014) (quoting United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012)). Absent contrary evidence, such as prison logs or other records, we assume that a prisoner delivered a filing to prison authorities on the day when the prisoner signed it. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). The government bears the burden of proving that the filing was delivered to

prison authorities on a date other than when the prisoner signed it. *Jeffries*, 748 F.3d at 1314.

As to representation by counsel, an individual does not have a right to hybrid representation. *Cross v. United States*, 893 F.2d 1287, 1291–92 (11th Cir. 1990). Additionally, the Local Rules and Procedures of the Southern District of Florida provide, in part, "[w]hen a party has appeared by attorney, the party cannot thereafter appear or act on the party's own behalf in the action or proceeding, or take any step therein, unless an order of substitution shall first have been made by the Court, after notice to the attorney of such party, and to the opposite party." S.D. Fla. Local R. 11.1(d)(4).

"It is the law of this [C]ircuit that the right to counsel and the right to proceed *pro se* exist in the alternative and the decision to permit a defendant to proceed in a hybrid fashion rests in the sound discretion of the trial court." *United States v. LaChance*, 817 F.2d 1491, 1498 (11th Cir. 1987). The Supreme Court likewise has held that the right to proceed *pro se*, recognized by *Faretta v. California*, 422 U.S. 806 (1975), does not require a trial judge to permit hybrid representation. *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984).

Here, in light of Johnson's *pro se* status, we liberally construe his arguments on appeal, despite him abandoning in his appellate brief some of the grounds on which the district court based its dismissal. Regardless of the other bases for its dismissal, we conclude that the district court did not err in dismissing Johnson's *pro*

22-12002               Opinion of the Court                    5

*se* § 2254 petition because it had not permitted hybrid representa-tion, and accordingly, his *pro se* petition was an unauthorized filing after his retained counsel had filed a § 2254 petition just nineteen days prior.  Accordingly, we affirm.

**AFFIRMED.**