[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10338

Non-Argument Calendar

_____

PRISCILLA ANN ELLIS,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent- Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket Nos. 8:21-cv-02013-JSM-AEP,
8:16-cr-00502-JSM-AEP-1

_____

Before JILL PRYOR, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Patricia Ellis appeals the denial of her motion to recuse several judges. Ellis filed the motion to recuse following the district court's denial of her motion to vacate her convictions under 28 U.S.C. § 2255. Rather than filing a response brief, the Government has moved for summary affirmance.[1] After review, we grant the Government's motion for summary affirmance.

Recusal is governed by two federal statutes, 28 U.S.C. §§ 144 and 455. *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004). Under the former, a judge must recuse himself when a party to a district court proceeding files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against her or in favor of any adverse party. 28 U.S.C. § 144.

_____

[1] The Government has also, in the alternative, moved to dismiss the appeal for lack of jurisdiction, arguing that Ellis's failure to obtain a certificate of appealability (COA) deprives us of jurisdiction. We **DENY** that motion. We conclude we have jurisdiction because the order denying Ellis's motion for recusal did not dispose of the merits of Ellis's prior § 2255 motion. Accordingly, no COA was necessary for Ellis to appeal here. 28 U.S.C. § 2253(c); *see Jackson v. United States*, 875 F.3d 1089, 1090 (11th Cir. 2017) ("The key inquiry into whether an order is final for § 2253 purposes is whether it is an order that disposes of the merits in a habeas corpus proceeding." (quotation marks and alterations omitted)).

The latter of the two statutes, Section 455, designates two primary reasons a judge must recuse himself. *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003). First, under § 455(a), a judge should recuse himself "when there is an appearance of impropriety." *Id*. The standard of review for whether a judge should have recused himself under § 455(a) "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Id*. (quotation marks omitted). "Recusal decisions under § 455(a) are extremely fact driven and must be judged on their unique facts and circumstances more than by comparison to situations considered in prior jurisprudence." *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (quotation marks omitted). The Supreme Court has stated that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Indeed, bias "must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." *Berger*, 375 F.3d at 1227 (quotation marks omitted). "[A] judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Moody*, 755 F.3d at 895 (quotation marks omitted).

Second, § 455(b) lists several circumstances for when a judge should recuse himself, including, in relevant part, "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b). For the purposes of § 455(b), "a judge

should recuse himself . . . when any of the specific circumstances set forth in that subsection exist, which show the fact of partiality." *Patti*, 337 F.3d at 1321.

The Government is clearly correct that the district court did not abuse its discretion in denying Ellis's motion for recusal.[2] *See United States v. Bailey*, 175 F.3d 966, 968 (11th Cir 1999) (reviewing for abuse of discretion a judge's decision not to recuse himself); *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)[3] (stating summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous"). As the district court explained, Ellis sought recusal only based on judicial rulings in her prior cases, which almost never establish partiality or bias. *See Liteky*, 510 U.S. at 555. Ellis did not establish that an

---

[2] As the Government notes, Ellis's initial brief challenges the reasoning of the district court's order denying recusal only in passing, arguably abandoning the issue. *See Sapuppo v. Allstate Floridian Ins., Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (stating an appellant can abandon a claim where she presents it only in "passing references" or "in a perfunctory manner without supporting arguments and authority"). Ellis focuses her brief mainly on the merits of her underlying § 2255 motion, but those issues are not before us because Ellis already unsuccessfully appealed that denial and cannot use this appeal to get a second opportunity to argue issues already decided against her. *See United States v. Fiallo-Jacome*, 874 F.2d 1479, 1482 (11th Cir. 1989) (discussing the general prohibition on getting "two bites at the appellate apple").

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

"objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about" the district court's partiality because she failed to identify any fact or portion of the record showing extrajudicial bias or partiality. *See Patti*, 337 F.3d at 1321; *Berger*, 375 F.3d at 1227; 28 U.S.C. § 455(a). Ellis also did not establish the district court had a personal bias or prejudice against her or knowledge of disputed evidentiary facts concerning her cases. *See* 28 U.S.C. § 455(b).

In sum, Ellis's arguments for recusal were the sort of "unsupported, irrational, or highly tenuous speculation" that we have explained do not justify recusal. *See Moody*, 755 F.3d at 895. Accordingly, the Government is clearly correct as a matter of law that the district court did not abuse its discretion. *See Groendyke Transp.*, 406 F.2d at 1162. We therefore GRANT the Government's motion for summary affirmance.

**AFFIRMED.**