[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12501

Non-Argument Calendar

_____

JEAN JOCELYN MERILIEN,

Petitioner-Appellant,

*versus*

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:10-cv-03232-TCB

_____

Before BRASHER, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

In May 2014, Jean Jocelyn Merilien, a Georgia prisoner serving a life sentence for malice murder, filed an amended habeas corpus petition, under 28 U.S.C. § 2254. The district court denied that petition in June 2017. That same month, Merilien moved for reconsideration, but the district court later denied that motion as well. Since then, Merilien has moved for relief from judgment under Fed. R. Civ. P. 60 several times, but the district court denied each of his motions, reasoning that Merilien had not established entitlement to relief; his arguments had been already rejected on the merits; and the local rules of the Northern District of Georgia prohibit the filing of successive motions to reconsider. *See* N.D. Ga. L.R. 7.2(E) ("Parties and attorneys for the parties shall not file motions to reconsider the [c]ourt's denial of a prior motion for reconsideration.").

In June 2023, Merilien moved, for the fourth time under Fed. R. Civ. P. 60, to reopen the judgment denying his § 2254 petition. Among other things, he alleged that he had discovered new forensic evidence that showed his innocence and that public records showed that his counsel had made false statements and forced him to plead guilty. The district court denied the motion. It explained

that Merilien's motion violated N.D. Ga. L.R. 7.2(E) and was untimely under Fed. R. Civ. P. 60(c).  Merilien appealed.[1]

We review the district court's denial of relief under Fed. R. Civ. P. 60 for an abuse of discretion.  *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).  We also review the district court's interpretation and application of its local rules for an abuse of discretion.  *See Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993).

Here, we discern no abuse of discretion.  Merilien's motion, his fourth under Rule 60, violated the Local Rules of the Northern District of Georgia because it sought reconsideration of the district court's prior denial of his motion for reconsideration.  *See* N.D. Ga. L.R. 7.2(E).  While we have stated that generally a local rule, alone, is an insufficient ground to dismiss a *pro se* filing where it is unclear the *pro se* party "ever was made aware of [the local rule] prior to dismissal," *Mitchell v. Inman*, 682 F.2d 886, 887 (1982), Merilien *was* aware of this local rule—he had prior motions to reopen in this case denied on this same basis.

Separately, and in any event, Merilien's fourth Rule 60(b) motion was untimely under Rule 60(c).  "Rule 60(c) imposes

---

[1] We conclude that we have jurisdiction because the order denying Merilien's motion—relying on Rule 60(c)'s time limitations and the local rules of the Northern District of Georgia—did not dispose of, or address, the merits of Merilien's prior § 2254 motion.  Accordingly, no certificate of appealability was necessary for an appeal.  28 U.S.C. § 2253(c); *see Jackson v. United States*, 875 F.3d 1089, 1090 (11th Cir. 2017) ("The key inquiry into whether an order is final for § 2253 purposes is whether it is an order that disposes *of the merits* in a habeas corpus proceeding." (emphasis added)).

deadlines on Rule 60(b) motions.  All must be filed 'within a reasonable time.'" *Kemp v. United States*, 596 U.S. 528, 533 (2022) (quoting Fed. R. Civ. P. 60(c)).  In addition, for some Rule 60(b) motions, including ones made under Rule (60)(b)(1), "that 'reasonable time' may not exceed one year."  *Id.* (quoting Fed. R. Civ. P. 60(c)).  Merilien's fourth motion was filed more than two years after the district court denied his third Rule 60 motion and seven years after the court entered final judgment on his § 2254 petition.  Given these circumstances, the district court did not err in concluding that Merilien's fourth Rule 60 motion was untimely.

Accordingly, we affirm the order of the district court.

**AFFIRMED**.[2]

---

[2] While we do not, here, construe Merilien's Rule 60 motion as a second or successive habeas corpus petition under 28 U.S.C. § 2244(b), if Merilien wishes to file a second or successive habeas corpus petition in the district court, he must obtain an order from this Court authorizing the district court to consider it.  *See* 28 U.S.C. § 2244(b)(3)(A).