[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-13201

Non-Argument Calendar

_____

ROBERT BAISE, JR.,

Petitioner-Appellant,

*versus*

LIMESTONE CF WARDEN,
ATTORNEY GENERAL OF THE STATE OF ALABAMA, THE,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:21-cv-01403-RDP-JHE

—————————————

Before JORDAN, LUCK, and WILSON, Circuit Judges.

PER CURIAM:

This appeal arises from the district court's dismissal of Robert Baise, Jr.'s petition for writ of habeas corpus under 28 U.S.C. § 2254. The district court dismissed as time-barred the part of the petition challenging Baise's 2019 convictions and sentences and dismissed as successive the part of the petition challenging the state court's 2017 revocation of Baise's community corrections sentence. After careful review, we dismiss Baise's appeal to the extent he challenges his 2019 convictions and sentences and affirm the district court's dismissal of the part of the petition challenging the revocation of his community corrections sentence.

As background, Baise is an Alabama prisoner serving a twenty-year sentence for breaking and entering a motor vehicle, criminal mischief, and criminal trespass. The Alabama Court of Criminal Appeals affirmed his convictions and sentences on October 25, 2019. Baise did not file his federal habeas petition until October 19, 2021, well after the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). The district court dismissed his petition as it related to the 2019 convictions and sentences as untimely or, alternatively, as procedurally defaulted because Baise did not raise the claims in his federal habeas petition on direct appeal or during any

other post-conviction proceeding. The district court also declined to issue a certificate of appealability (COA).

Baise also challenged the revocation of his participation in a community corrections program in 2017, which the district court dismissed because it was a successive habeas petition over which the court lacked jurisdiction. The district court noted that Baise did not require a COA to appeal his claims concerning the 2017 community corrections revocation because a dismissal for lack of subject matter jurisdiction is not a final order in a habeas proceeding under 28 U.S.C. § 2253(c).

Baise then sought a COA before this court, which we denied in part as to the 2019 convictions and sentences claim and denied as unnecessary as to the 2017 community corrections program revocation claim. We also denied Baise's motion to reconsider the denial of the COA. Proceeding without a COA, Baise now challenges the district court's dismissal of his § 2254 petition.

We review our appellate jurisdiction de novo. *See Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) (per curiam). We also review de novo whether a § 2254 petition is second or successive. *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1324 (11th Cir. 2017) (en banc).

Under 28 U.S.C. § 2253(c)(1)(A), a COA is required to appeal a final order in a § 2254 proceeding. Without a COA, we lack jurisdiction to consider a habeas petitioner's appeal unless or until one issues. *Jackson v. United States*, 875 F.3d 1089, 1090 (11th Cir. 2017). Here, we lack jurisdiction to consider Baise's challenge to his 2019

convictions and sentences because he has not obtained a COA. Accordingly, we dismiss his appeal as it relates to his challenge to the 2019 convictions and sentences.

Under 28 U.S.C. § 2244(b)(3)(A), before a petitioner may file a second or successive habeas application in the district court, he must obtain an order from this court authorizing the district court to consider it. Absent such authorization, a district court lacks subject matter jurisdiction to consider a second or successive habeas petition. *Jennings v. Sec'y, Fla. Dep't of Corr.*, 108 F.4th 1299, 1302 (11th Cir. 2024) (per curiam). A second or successive petition includes those "twice contesting" the judgment authorizing confinement. *Patterson*, 849 F.3d at 1325. Here, to the extent that Baise challenges the state court's revocation of his community corrections sentence, his petition is successive because the district court already dismissed with prejudice his challenge to the revocation in an earlier case. And Baise has not obtained an order from this court allowing him to bring a successive petition. We therefore affirm the district court's dismissal of the part of Baise's § 2254 petition challenging the revocation of his community corrections sentence.

**AFFIRMED IN PART AND DISMISSED IN PART**