**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

# For the Eleventh Circuit

_____

No. 23-12326

Non-Argument Calendar

_____

JEFFERY T. CRYSTAL,

*Petitioner-Appellant,*

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

*Respondent-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:20-cv-05565-LC-MAF

_____

Before ABUDU, KIDD, and HULL, Circuit Judges.

PER CURIAM:

As to his 28 U.S.C. § 2254 habeas petition, Jeffery Crystal, a Florida prisoner, *pro se* appeals the district court's denial of his Fed. R. Civ. P. 60(b) motion. As detailed later, this is Crystal's

second appeal as to his § 2254 habeas petition.  In this second appeal, Crystal primarily argues that the district court abused its discretion in denying his Rule 60(b) motion because it lacked jurisdiction over his § 2254 petition.  After review, we disagree and affirm.

## I. BACKGROUND

### A.    Crystal's First Appeal

In 2011, Crystal purchased a Porsche from a dealership using a bad check.  Following a two-day trial, the jury found Crystal guilty of grand theft over $100,000.  The state court sentenced him to 360 months' imprisonment.

In June 2020, Crystal filed a § 2254 petition for a writ of habeas corpus challenging his state conviction for grand theft, raising 13 claims.  On December 7, 2021, the district court denied the § 2254 petition on the merits, and on January 6, 2022, Crystal filed a notice of appeal.  On March 14, 2022, this Court clerically dismissed that first appeal for want of prosecution because Crystal had failed to pay the relevant fees or move for leave to proceed *in forma pauperis* ("IFP").

Crystal then filed two inquiries with the district court, stating that his family had paid the filing fee for his habeas appeal and asking the district court to ensure that the payment was not applied mistakenly to one of his other cases.  The district court informed Crystal that the payment was applied toward an appeal in a separate civil case, such that the fee in his habeas appeal remained unpaid.

On February 23, 2023, Crystal filed with this Court a construed motion to reinstate his appeal, explaining that his payment was applied to the wrong case. On March 7, 2023, this Court granted the motion to reinstate Crystal's first appeal. Subsequently, as to the merits, on February 9, 2024, this Court denied a certificate of appealability ("COA") in that first appeal.

## B.    Crystal's Rule 60(b) Motion

Meanwhile, on March 3, 2023, Crystal filed a Rule 60(b) motion in the district court, again explaining that the filing fee was applied to the wrong case.

Notably though, Crystal's Rule 60(b) motion also asserted that the district court's denial of his § 2254 petition was void for lack of subject matter jurisdiction because of an alleged defect in the jury verdict form in his underlying state criminal case. Crystal, in effect, was raising a new claim as to his state conviction in his Rule 60(b) motion. He asked the district court to void its judgment denying his § 2254 petition or alternatively to grant him a COA and leave to proceed IFP on appeal.

Based on this Court's reinstatement of his first habeas appeal, the district court denied Crystal's Rule 60(b) motion as moot. The district court did not address Crystal's new argument in his Rule 60(b) motion as to the alleged jury defect in his state criminal case that Crystal claimed created a lack of subject matter jurisdiction over his § 2254 petition.

Crystal then filed the present appeal from the denial of his Rule 60(b) motion.

## II. DISCUSSION

### A.    Certificate of Appealability

The Secretary of the Florida Department of Corrections (the "Secretary") has filed a motion for this Court to clarify our jurisdiction. In his brief, the Secretary argues that we lack jurisdiction to review the district court's order because Crystal has not obtained a COA as to the Rule 60(b) denial.

"We review our jurisdiction *de novo*." *Wu v. Liu*, 131 F.4th 1295, 1298 (11th Cir. 2025). An appeal may not be taken to this Court from "the final order in a habeas corpus proceeding" unless a COA has been issued by this Court or a district court. 28 U.S.C. § 2253(c)(1)(A). The COA requirement "is a jurisdictional prerequisite." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). In other words, we do not have jurisdiction over an appeal from "the final order in a habeas corpus proceeding" unless a COA was issued. *Id.*; 28 U.S.C. § 2253(c)(1)(A).

A COA generally is needed to appeal from the denial of a Rule 60(b) motion in habeas proceedings. *Jackson v. Crosby*, 437 F.3d 1290, 1294 (11th Cir. 2006). However, a COA is not needed if the district court's order is not a "final order" under 28 U.S.C. § 2253(c). *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (holding that a COA was not needed to appeal the dismissal of a successive habeas petition for lack of jurisdiction).

"The key inquiry into whether an order is final for § 2253 purposes is whether it is an order that disposes of the merits of a habeas corpus proceeding." *Jackson v. United States*, 875 F.3d 1089,

1090 (11th Cir. 2017) (quotation marks omitted and alteration adopted). An appeal of an order that does not concern the merits of the habeas proceeding does not require a COA. *Harbison v. Bell*, 556 U.S. 180, 183 (2009) (holding that an appeal of an order denying appointed counsel's motion to expand the scope of representation did not require a COA).

In addition, the scope of appellate review for a Rule 60(b) motion is narrow, "addressing only the propriety of the denial or grant of relief" and not extending to the underlying judgment. *Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012) (quotation marks omitted).

Here, Crystal does not need a COA because the district court's order denying his Rule 60(b) motion did not reach the merits of the underlying § 2254 habeas petition. *See Jackson*, 875 F.3d at 1090; *Harbison*, 556 U.S. at 183. Thus, contrary to the Secretary's argument, this Court has jurisdiction over Crystal's second appeal.[1] *Hubbard*, 379 F.3d at 1247.

That said, the scope of this Court's review is limited solely to the district court's denial of relief under Rule 60(b). *Maradiaga*, 679 F.3d at 1291. And Crystal's Rule 60(b) motion was about lack of subject matter jurisdiction over his § 2254 habeas petition. Thus, although Crystal's appellate brief raises arguments regarding the merits of his § 2254 petition and new challenges to his

---

[1] In light of this conclusion, the Secretary's motion to "clarify" our jurisdiction over this appeal is DENIED AS MOOT.

state conviction, such arguments are outside the scope of this appeal as to the Rule 60(b) motion. *See id.* We now turn to the Rule 60(b) motion itself.

## B. Denial of the Rule 60(b) Motion

We review a denial of a motion for reconsideration under Rule 60(b) for abuse of discretion. *Id.* at 1291. The Rule 60(b) movant's "burden on appeal is heavy." *See Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006). "[I]t is not enough that a grant of the [Rule 60(b) motion] might have been permissible or warranted; rather, the decision to deny the motion[ ] must have been sufficiently unwarranted as to amount to an abuse of discretion." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

Rule 60(b) allows a party to seek relief or reopening of his case for the following reasons: (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been discharged; and (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (quotation marks omitted). A Rule 60(b) motion is intended "only for extraordinary circumstances." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000) (quotation marks and citation omitted).

District courts have jurisdiction over § 2254 habeas petitions by state prisoners. *See* 28 U.S.C. § 2241(d). A case becomes

"moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000) (quotation marks omitted).

Crystal's Rule 60(b) motion sought to remedy the clerical dismissal of his first habeas appeal caused by his filing fee being applied to the incorrect case. Because this Court already had reinstated Crystal's first habeas appeal, the district court could not have granted him meaningful relief. Thus, the district court properly denied the Rule 60(b) motion as moot as to the fee issue. *Id.*

Furthermore, to the extent Crystal's Rule 60(b) motion attempted to challenge the district court's subject matter jurisdiction, there is no merit to Crystal's argument that the district court's denial of his § 2254 petition was void because the district court lacked subject matter jurisdiction over that § 2254 petition. *See* 28 U.S.C. § 2241(d). Specifically, Crystal's argument was that a jury defect in his underlying state criminal proceedings caused his state conviction to be void; as a result he had no state conviction at all, and, therefore, the district court lacked subject matter jurisdiction over his § 2254 habeas petition. But Crystal's Rule 60(b) argument about the validity of his *state* proceedings does not call into question the *district court's* subject matter jurisdiction over his § 2254 habeas petition. *See* Fed. R. Civ. P. 60(b); *Burke*, 252 F.3d at 1263. By federal statute, the district court had subject

matter jurisdiction over his § 2254 habeas petition because he is in custody pursuant to a state conviction.  28 U.S.C. § 2241(d).

### III. CONCLUSION

For all the above reasons, we affirm the district court's denial of Crystal's Rule 60(b) motion.

**AFFIRMED.**