[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13909

Non-Argument Calendar

_____

JIMMY COBB,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket Nos. 4:22-cv-00072-CDL-MSH,
4:17-cr-00051-CDL-MSH

_____

Before JILL PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Jimmy Cobb is currently serving a five-year supervised release term, following his 24-month prison sentence for using interstate facilities to transmit information about a minor, in violation of 18 U.S.C. § 2425.  Proceeding pro se, Cobb appeals the district court's order dismissing his 28 U.S.C. § 2255 motion for lack of jurisdiction on the ground that it was an unauthorized successive motion.[1]  Cobb previously filed a § 2255 motion that was adjudicated on the merits.  He did not receive our permission to file a second such motion or show that his motion falls into an exception, so the district court properly dismissed the instant § 2255 motion for lack of jurisdiction.  We affirm.

★  ★  ★

As background:  Cobb filed his original § 2255 motion in 2018, and it was denied in full on the merits.  Because his original motion was an adjudication on the merits, any subsequent § 2255

_____

[1] Cobb did not sign his notice of appeal or obtain a certificate of appealability before filing.  But we have jurisdiction despite this error because a litigant's failure to comply with Fed. R. Civ. P. 11's signature requirement is non-jurisdictional, and a certificate of appealability is not required if the district court dismisses a § 2255 motion for lack of jurisdiction.  *See Becker v. Montgomery*, 532 U.S. 757, 765–66 (2001); *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004).

motion challenging the same judgment authorizing his confinement, including the one at issue here, required him to receive our permission before filing—unless the motion fell within the "small subset of unavailable claims that must not be categorized as successive." *Stewart v. United States*, 646 F.3d 856, 863 (11th Cir. 2011).

The district court dismissed Cobb's motion for lack of jurisdiction on the ground that Cobb did not obtain our permission to file the motion. Cobb then timely filed a document reasserting the merits of his motion, which the court construed as a notice of appeal of the district court's decision.

We review de novo a district court's dismissal of a § 2255 motion as second or successive. *McIver v. United States*, 307 F.3d 1327, 1329 (11th Cir. 2002). A successive § 2255 motion requires our prior authorization, which may be granted only if the motion contains a claim involving newly discovered evidence demonstrating factual innocence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h)(1), (2).

A motion is successive under § 2244(b) when it is filed after a prior motion and challenges the same judgment "authorizing the petitioner's confinement." *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1325 (11th Cir. 2017) (en banc). Absent our authorization, the district court lacks jurisdiction to consider a successive § 2255 motion. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

A numerically successive § 2255 motion, however, does not always qualify as "second or successive" within the meaning of § 2244. *See Stewart* 646 F.3d at 859. Where the basis for a numerically successive motion did not exist before proceedings on the initial § 2255 motion concluded, the claim falls within "a small subset of unavailable claims that must not be categorized as successive," such as claims based on a defect that did not arise or ripen until after the conclusion of the previous petition. *Id.* at 863. Claims that are based on facts that existed at the time of the first habeas petition, but were not discovered until later, are still successive. *See id.*

We liberally construe pro se pleadings. *Campbell v. Air Ja. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). But "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson,* 518 F.3d 870, 874 (11th Cir. 2008). An appellant "fails to adequately brief a claim when he does not plainly and prominently raise it." *Sapuppo v. Allstate Floridian Ins. Co.,* 739 F.3d 678, 681 (11th Cir. 2014) (quotation marks omitted).

Cobb does not specifically challenge the district court's ruling that his motion was (1) second or successive and (2) filed without our permission. He has therefore abandoned that argument. Accordingly, we affirm the district court's dismissal without reaching the merits.[2]

---

[2] We note that even if we were to consider the merits of Cobb's argument, the result would be the same. He argues that he is entitled to equitable tolling of

★  ★  ★

The district court properly dismissed Cobb's § 2255 motion for lack of subject matter jurisdiction because he did not receive our permission to file a successive motion based on newly discovered evidence or raise any claim based on a defect or fact that did not arise or ripen until after the conclusion of the previous motion to vacate.  Accordingly, we affirm.

**AFFIRMED.**

---

the statute of limitations period to seek post-conviction relief in federal court to prevent a fundamental miscarriage of justice.  His brief asserts that the government used false testimony and fabricated facts to support his conviction, violated his due process rights, and that his counsel was ineffective in advising him to enter a guilty plea premised on these false facts.  Cobb argued that he had acquired "new" evidence that would have allowed a reasonable juror to acquit him because it demonstrated his actual innocence.  But he admits this newly discovered evidence that provides the main basis for his argument was available to both parties while his criminal case was ongoing, and they declined to use it.  He pointed to no defect or fact that did not arise or ripen until after the conclusion of the previous petition, and therefore, even on the merits of his motion, we would affirm the district court's dismissal.