[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10196

Non-Argument Calendar

_____

MICHAEL RAY ALFORD,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:19-cv-00488-RH-MAL

_____

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Michael Alford, a federal prisoner proceeding *pro se*, appeals the district court's order denying her motions (1) seeking leave of court "to supplement or relate back . . . or correct" her amended 28 U.S.C. § 2255 motion; and (2) seeking appointment of counsel to appeal the district court's denial of her § 2255 motion to vacate. Alford asserts the court erred in declining to resentence her in consideration of *United States v. Tucker*, 404 U.S. 443 (1972), and it abused its discretion in denying her request for appointment of appellate counsel.  The Government has moved for summary affirmance, contending the district court correctly construed Alford's motion to supplement as a second or successive § 2255 motion, and thus lacked jurisdiction to hear the motion.  It also asserts the court did not abuse its discretion by denying Alford's appointment of counsel because there is no constitutional right to counsel during a collateral attack, and she failed to demonstrate exceptional circumstances.  After review, we affirm the district court.

## I.  MOTION TO SUPPLEMENT/RELATE BACK/CORRECT

An amended § 2255 motion cannot relate back to a previously dismissed § 2255 motion "because there is nothing for the [amended § 2255 motion] to relate back to."  *See Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000) (addressing an amended § 2254 petition that had been filed after the initial § 2254 petition was dismissed without prejudice).  Instead, such a filing is properly

considered a successive § 2255 motion over which the district court lacks jurisdiction absent authorization from this Court. *See Hubbard v. Campbell*, 379 F.3d 1245, 1246–47 (11th Cir. 2004) (concluding the district court lacked jurisdiction to consider a § 2254 petition that attempted to amend an original § 2254 petition that had previously been denied because the petitioner did not obtain leave to file a successive petition under 28 U.S.C. § 2244(b)(3)(A)); *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); 28 U.S.C. § 2255(h), *cross-referencing* 28 U.S.C. § 2244.

The district court did not abuse its discretion in denying Alford's motion "to supplement or relate back . . . or correct" her amended § 2255 motion. *See Farris v. United States*, 333 F.3d 1211, 1214 (11th Cir. 2003) (reviewing the denial of a motion to amend a § 2255 motion for abuse of discretion). Alford's "supplemental" § 2255 motion could not relate back to her amended § 2255 motion because the prior motion had been denied and there was nothing to relate back to. *See Nyland*, 216 F.3d at 1266. Instead, Alford's amended § 2255 motion was an attempt to file a successive § 2255 motion, which the district court lacked subject matter jurisdiction to consider because she lacked authorization to file it. *See Hubbard*, 379 F.3d at 1246-47. The Government's position is clearly correct as a matter of law and we grant the motion for summary

affirmance as to this issue.[1] *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)[2] (stating summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous").

## II. APPOINTMENT OF COUNSEL

We have "consistently held that there is no federal constitutional right to counsel in postconviction proceedings." *Barbour v. Haley*, 471 F.3d 1222, 1227 (11th Cir. 2006). Appointment of counsel in civil cases is "a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues which are so novel or complex as to require the assistance of a trained

---

[1] Alford has abandoned any argument the district court should have considered her motion as a § 2241 petition because she failed to raise the argument in her initial brief. *See United States v. Campbell*, 26 F.4th 860, 873 (11th Cir.) (*en banc*), *cert. denied*, 143 S. Ct. 95 (2022) (stating issues not raised in an initial brief are deemed abandoned and will not be addressed absent extraordinary circumstances). In any event, the district court did not err in declining to treat her motion as a § 2241 petition because, as set forth above, she sought to collaterally attack her conviction and sentence, and the court did not err in treating her motion as a successive § 2255 motion. *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008) ("[A] prisoner collaterally attacking [her] conviction or sentence may not avoid the various procedural restrictions imposed on § 2254 petitions or § 2255 motions by nominally bringing suit under § 2241.").

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

23-10196                Opinion of the Court                    5

practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (quotation marks and alteration omitted). We have found the following relevant in determining whether "exceptional circumstances" exist: (1) the type and complexity of the case; (2) whether the indigent litigant is capable of adequately presenting her case; (3) whether the indigent litigant is in a position to adequately investigate the case; and (4) whether the evidence will consist largely of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *See Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990).

The district court did not abuse its discretion in declining to appoint appellate counsel in Alford's collateral attack of her conviction and sentence. *See United States v. Webb*, 565 F.3d 789, 793 (11th Cir. 2009) (reviewing a district court's decision not to appoint counsel in a postconviction collateral proceeding for abuse of discretion). Alford's request for counsel is not justified by any of the exceptional circumstances that may warrant such an appointment. *See Fowler*, 899 F.2d at 1096. As previously noted in the instant case, Alford's filings in this court and the district court have been "relatively well-organized and cogent and generally cite relevant law," indicating that she is capable of adequately presenting her case. *See id.* Further, the legal questions at issue in appeal number 22-14318—whether the district court violated *Clisby*, and if so, whether certain grounds plausibly alleged constitutional violations—are not novel or complex. *See id.* Finally, because the issues in the appeal are pure questions of law, her case will not require skill in presenting evidence. *See id.* The Government's position is

clearly correct as a matter of law and we grant the motion for summary affirmance as to this issue. *See Groendyke Transp.*, 406 F.2d at 1162.

## III.  CONCLUSION

Accordingly, we GRANT the Government's motion for summary affirmance and DENY as moot its motion to stay the briefing schedule.

**AFFIRMED.**